## NATIONAL SURETY CORPORATION v. ALLEN–CODELL CO. et al.

### No. 307.

District Court, E. D. Kentucky, at Lexington.

Oct. 30, 1945.

Leslie W. Morris and Marion Rider, both of Frankfort, Ky., and Percy N. Booth, of Louisville, Ky., for plaintiff.

B. R. Jouett and D. L. Pendleton, both of Winchester, Ky., for defendant Allen-Codell Co.

FORD, District Judge.

Asserting that the pleadings, depositions and admissions on file show that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law, the defendant Allen-

4

Codell Company moves for summary judgment under Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c.

It appears that in April 1941, the plaintiff, as surety for Robert Gwinn, executed a bond guaranteeing Gwinn's faithful performance of his contract with the Department of Highways of Kentucky for the construction of approximately thirteen miles of highway according to prescribed specifications. Gwinn's contract with the Department provided that the road should have a waterbound macadam base with class C-1 bituminous surface, that it should be completed not later than December 20, 1941, and that time was of the essence of the contract.

The defendant Allen-Codell Company entered into a subcontract with Gwinn, by the terms of which the defendant as subcontractor agreed to apply the bituminous surface according to the required specifications. It was understood that it was necessary for Gwinn to first prepare the macadam base before the bituminous surface was to be applied. The subcontract provided for payments to the subcontractor for quantities as allowed in monthly estimates by the Department of Highways, at stipulated unit prices, but it contained no express provision as to when the work thereunder should be begun or should be completed.

From the beginning Gwinn made little progress with the construction of the base of the road. By late fall of 1941 only a comparatively small part of the road was ready for bituminous surfacing which the subcontractor promptly applied according to the agreement, but Gwinn's part of the work was far from finished on the completion date stipulated in his contract with the Department.

All operations on the project were suspended from December 1941 to April 1942 by authority of the State Department. Gwinn did not resume the work at the end of the suspension period and the State Department notified plaintiff of Gwinn's dereliction. Thereupon plaintiff, discovering that Gwinn was in financial difficulties, aided him in securing financial assistance through a loan from the Reconstruction Finance Corporation. He secured this loan by a mortgage on all of his equipment. Gwinn finally resumed work on the project late in the summer of 1942. On September 4, 1942, he notified the defendant Allen-

Codell Company that on or about September 15 he would be ready for an additional amount of bituminous material to be applied on the surface of the road and called upon defendant to perform the subcontract accordingly. The defendant, considering that it was no longer obligated, declined to do anything more.

Alleging that by its refusal to resume work the defendant Allen-Codell Company breached its subcontract, resulting in substantial loss to Gwinn and claiming that as surety for Gwinn it sustained loss occasioned by additional delay and by additional cost of having the bituminous surface applied upon the road, and relying upon its alleged rights by subrogation and also as assignee of Gwinn, the plaintiff sues to recover from the defendant the alleged damages.

The defendant bases its motion for summary judgment upon the claim that the admitted facts show that the time limit provided in the principal contract was also applicable to and was likewise of the essence of its subcontract and hence the failure of Gwinn to complete the base of the road so as to enable defendant to complete the bituminous surfacing work within the time specified released the defendant from its obligation under the subcontract. Defendant further claims that the admitted facts of record show that Gwinn completely abandoned his contract with the State Department and thereby released and discharged the defendant of all obligations under the subcontract.

In the absence of an express stipulation, whether time is to be regarded as of the essence of the subcontract presents a question of fact as to the intent of the parties to be determined by consideration of all the attendant facts and circumstances, the nature of the subject matter involved and the object to be attained. Browning v. Huff, 204 Ky. 13, 263 S.W. 661.

The fact that the contract between the principal contractor and the Highway Department stipulated a time limit with the express provision that time was of the essence of the contract is a circumstance tending to support the defendant's contention, while the fact that the parties did not include such a stipulation in their subcontract, and the further fact that according to the dates shown on the contracts the principal contract containing the time stipulation was not executed until some time after the

date of the subcontract, lend plausibility to plaintiff's argument to the contrary. The prolonged delay of Gwinn before resuming work on the project in 1942, his failure to respond to notices sent him by the State Department urging him to proceed with the work and his failure to pay defendant for the work performed are circumstances which tend to support the defendant's contention that he abandoned the contract, yet the plaintiff insists that Gwinn's persistent efforts to finance the undertaking, his prompt resumption of work as soon as he succeeded in securing finances and the failure of defendant to complain of the delay indicate that neither party intended to abandon the project.

These conflicting contentions of the parties serve to outline genuine controversies upon material issues. The determination of such issues calls for the exercise of the judicial function in weighing and evaluating the pertinent evidential facts and circumstances surrounding the transaction.

In passing upon a motion for summary judgment, the Court does not operate as a general fact-finding tribunal. An indispensable prerequisite to the exercise of authority to render summary judgment under Rule 56 is that the uncontroverted facts and circumstances disclosed by the record so clearly and conclusively demonstrate the truth upon the issues involved that no room is left for legitimate controversy. Where, as in this case, the determination of the issues depends upon the weight to be attributed to evidential facts of such a nature that reasonable men may differ as to the conclusions to be drawn therefrom, the case may not be disposed of summarily, Toebelman et al. v. Missouri-Kansas Pipe Line Co. et al., 3 Cir., 130 F.2d 1016; Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101.

I am convinced that the duty of the 'Court cannot be discharged by summary adjudication upon the record as it now stands. There must be a trial of these controverted issues so as to enable the Court, upon findings of fact and conclusions of law, to render judgment upon the merits. Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Arenas v. United States, 322 U.S. 419, 64 S.Ct. 1090, 88 L.Ed. 1363.

The defendant's motion for summary judgment should be and is overruled.