## DETSCH & CO. v. AMERICAN PRODUCTS CO.

### No. 11033.

Circuit Court of Appeals, Ninth Circuit.

Dec. 28, 1945.

Rehearing Denied Jan. 28, 1946.

Heller, Ehrman, White & McAuliffe, John F. O'Sullivan, and Victor Cappa, all of San Francisco, Cal., for appellant.

Brobeck, Phleger & Harrison, Theodore R. Meyer, and Evan Haynes, all of San Francisco, Cal., for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a summary judgment dismissing the amended complaint of appellant, a California corporation, seeking damages for breach of a contract creating appellant, the contract's First Party, the agent for the appellee, an Ohio corporation, the Second Party, for the sale of

appellee's manufactured products in California, Oregon, Washington, Idaho, Montana, Utah, Nevada, and Colorado.

The principal dispute here concerns the extent of appellee's agreement to cooperate with appellant, as shown by the following provisions of the contract pleaded in the amended complaint:

"First Party maintains a *general sales office* [in San Francisco] *and display rooms and agrees to display therein samples of the products of Second Party covered by this agreement,* which may be furnished for such purpose by Second Party to First Party * * *

"In addition to the foregoing compensation, Second Party shall pay to First Party a monthly allowance of None—to cover the *overhead* of the First Party in connection with *warehouse (office extraordinary) sales services* furnished by First Party to Second Party * * *

"Second Party *shall cooperate with First Party to further the sales of said products,* and towards this end Second Party shall furnish to First Party, without recourse and free of any charge, any and all price lists, advertising matter and samples. In this connection, it is agreed that the prices, terms, conditions, discounts and allowances quoted by Second Party to First Party shall, in all respects, be equal to those quoted by Second Party for said products anywhere in the United States." (Emphasis supplied.)

Concerning the words "Second Party shall cooperate with First Party to further the sales of said products," the amended complaint further alleges that there was a contemporaneous verbal agreement that the manner in which appellee agreed to cooperate "should include the establishment of warehouses in said territory and the placing of large *stock therein, should it become necessary to do so in order to sell any portion of the trade in the territory assigned to plaintiff;* that said contract further provided that defendant would furnish plaintiff all price lists, advertising matter and samples issued by them." (Emphasis supplied.)

■ Appellee contends that the doctrine of *ejusdem generis* applies to the phrase succeeding the word "cooperate" that "towards this end Second Party shall furnish to First Party * * * free of any charge, any and all price lists, advertising

matter and samples." Hence, it contends, it must be held that there was to be no other form of cooperation by appellee than furnishing price lists, advertising matter and samples. We do not agree. Common sense tells us that these incidents were only a small part of the cooperation necessary to carrying on the agency of the appellant. Among other obviously necessary forms of cooperation is that of reasonably prompt shipment of goods to customers procured for appellee by appellant. This is not mentioned in the contract, yet appellee's contention would compel us to hold that appellee would not breach its contract if it refused to ship any goods to purchasers procured by appellant.

■ Appellee next contends that the phrase "warehouse (office extraordinary) sales services" by *appellant*—that is, warehousing sales services in the office of the appellant in San Francisco, where the samples, etc. would be displayed by appellant —precludes the idea of *appellee* furnishing warehouse services in any of the many cities in the nine states included in the agency. We do not agree. The difference between the *appellant's* single warehouse "sales *service*" at its office in San Francisco and the *appellee's* warehouses throughout the several states is obvious.

■ The parties by a contemporaneous verbal understanding or agreement may make certain the content and extent of the broad and undefined word "cooperate" in the written contract. Wachs v. Wachs, 11 Cal.2d 322, 324, 79 P.2d 1085; Crawford v. France, 219 Cal. 439, 444, 27 P.2d 645. We hold that the amended complaint alleges an agreement by appellee to establish warehouses in the territory when they became necessary to sell the trade, and that the succeeding paragraph of the complaint, describing the building up of appellee's business, the appellant's attempts to make further sales without warehousing, the refusal of customers to continue buying unless nearby warehouses served them and the failure of appellee to furnish such warehousing, alleges a breach of that agreement.

District Judge Welch denied a motion to dismiss on the ground that the complaint failed to state a claim on which relief can be granted. We agree that such a claim is stated. To do substantial justice the complaint must be so construed. Federal Rules of Civil Procedure rule 8(f), 28 U.S. C.A. following section 723c.

Succeeding the ruling of Judge Welch, appellee filed its answer joining issue with the amended complaint. Judge Goodman followed Judge Welch on the district court and ordered the complaint dismissed on the ground that the admissions, depositions and affidavits clarify the allegations of plaintiff's amended complaint and "leads me to the conclusion that a cause of action is not stated." The district court rendered no opinion in which we "have the benefit of" that court's "views,"[1] as to the so-called clarifying matters which alter the allegations which clearly tender the issue of the contract and its breach. Central Mexico Power & Light Co. v. Munch, 2 Cir., 116 F.2d 85, cited in support of the proposition that a complaint stating a cause of action so may be clarified as not to state one, does not so decide. That case considered, on the affidavits, the question of federal jurisdiction, a question to be taken up at anytime by the court sua sponte, and concludes "The judgments are therefore modified to state that the action is dismissed for want of jurisdiction of the court, rather than for failure of the complaint to state a cause of action against the defendants; as modified, they are affirmed." 116 F.2d page 90.

However, the argument is presented to us by appellee that the judgment may be supported on the ground that the depositions, affidavits and admissions show that "there is no genuine issue as to any material fact," and contends that they show the pleaded contract was not made. The deposition of appellant's president shows conversations between him and the representatives of the appellee, from which a jury or the trying court could infer the contract alleged had been made. The appellee made no contrary affidavit. Several admissions of fact were requested of appellant. None admits that the pleaded contract was not made or that there was not a breach.

Besides these requested admissions of fact as to matters pleaded, appellee also called for admission of the genuineness of many letters passing between the parties. There was no request for an admission of the facts contained in the letters. Cf. Walsh v. Connecticut Mutual Life Ins. Co., D.C.E.D.N.Y., 26 F.Supp. 566, 572. The most that can be said about them is that they show a considerable volume of busi-ness built up by appellant in appellee's products and that the subject of appellee's supplying warehousing is not discussed until over a year after the contract was made, and that at the trial, in the absence of any other evidence, the jury might or might not infer from them that the warehousing agreement had not been made. The letters do not show that there was no matter of fact to be determined on the issue tendered and joined by the answer of the making of the contract and its breach. The admissions, depositions and affidavits show the contrary. Appellant is entitled to a trial in which the witnesses, before the jury or court, if any, shall be subject to cross-examination and to the usual inferences from their demeanor and manner of testifying.

The judgment is reversed.

---

[1] Ballard v. United States, 322 U.S. 78, 88, 64 S.Ct. 882, 88 L.Ed. 1148.