**PAUL E. HAWKINSON CO. v. DENNIS et al.**

**DENNIS et al. v. PAUL E. HAWKINSON CO.**

**No. 11873.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1948.

Harold Olsen, of Chicago, Ill., Ralph F. Merchant, of Minneapolis, Minn., and T.

Baldwin Martin, of Macon, Ga., for Paul E. Hawkinson Co.

Charles M. Cork, of Macon, Ga., and Charles R. Fenwick, of Washington, D. C., for Dennis et al.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for infringement of claims 1 and 6 of U. S. Patent No. Reissue 21,956 for a method of retreading tire casings.

Defendants filed eight numbered defenses of invalidity and noninfringement, and a ninth defense[1] that plaintiff was misusing its patent to require its licensees to purchase unpatented articles and apparatus for use in connection with the license. There was also a counter-claim for damages for the wrongful acts of plaintiff in trying to intimidate defendants and their customers, and a tenth defense that, by reason of said advertising campaign, plaintiff did not come into court with clean hands.

Plaintiff moved for summary judgment of dismissal of defendants' counter-claim, and defendants, not to be outdone, moved for summary judgment of dismissal of the complaint on the ninth and tenth defenses. Plaintiff's motion was granted and the counter-claim was dismissed. Defendants' motion for summary judgment on the tenth defense was denied, but its motion for such judgment on the ninth defense was granted, and the complaint was dismissed.

Both plaintiff and defendant have appealed, and the cause is here, not on the validity and infringement vel non of the patent but, upon whether defendants established sufficiently for a summary judgment that plaintiff is using its patent contrary to the public interest, and whether plaintiff has established in the same measure that defendants' counter-claim is without basis in fact. In short, the case as we have it is one in which the defendants, by the device of presenting themselves as defenders of the public interst, draw attention from the less savory role assigned them by plaintiff as infringers pirating plaintiff's invention.

This role of invoking the public interest, "that is the interest of others than the parties",[2] to enable the defendant to keep the fruits of his contract without standing to his bargain, became so familiar in ordinary contract cases that the courts have latterly been quite slow to follow such interested leading.[3] Indeed they have been very exacting in requiring a clear showing by defendant that a greater wrong would be done to the public interest by allowing enforcement than by allowing a defendant, while holding to the benefits, to escape the burdens of his contract.

In patent infringement cases, however, the patent being a public grant made in the interest of the public, and the public interest being always present, courts have been quite liberal in allowing infringers,[4] and even licensees,[5] to escape being brought

---

[1] "Defendants allege upon information and belief that the plaintiff is using the Letters Patent sued upon in a manner contrary to the public interest in that licensees under said Letters Patent are required to purchase an unpatented article, to-wit, camelback, for use in connection with the license under said Letters Patent. A decree in favor of the plaintiff should therefore not be granted."

By amendment the following was added to the ninth defense:

"Defendants further allege upon information and belief that plaintiff is using the Letters Patent sued upon in a manner contrary to the public interest in that licensees under said Letters Patent are required to purchase unpatented

apparatus for use in connection with the license under said Letters Patent. A decree in favor of the plaintiff should therefore not be granted."

[2] Beasley v. Texas & P. R. R., 191 U. S. 492, 24 S.Ct. 164, 48 L.Ed. 274.

[3] Ireland v. Craggs, 5 Cir., 56 F.2d 785; Twin City Pipe Line Co. v. Harding Glass Co., 283 U.S. 353, 51 S.Ct. 476, 75 L.Ed. 1112, 83 A.L.R. 1168.

[4] National Lockwasher Co. v. George K. Garrett Co., 3 Cir., 137 F.2d 255; Novadel-Agene Corporation v. Penn., 5 Cir., 119 F.2d 764; Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 788, 62 S.Ct. 402, 86 L.Ed. 363.

[5] Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 7 Cir., 139 F.2d 291.

to book for their infringement. If, therefore, the district judge was right in the conclusion that it was established as matter not of fact but of law, that is by undisputed evidence and the inescapable inferences to be drawn therefrom, that plaintiff had been and still was misusing its patent, the judgment ought to be affirmed, without prejudice, of course, to plaintiff's right to again sue when it can show that it has purged itself of wrongful uses and practices.

 A patent, however, is a grant from the government to run for a term fixed, and misuse of it would not, if proved, invalidate it. The only effect of the misuse would be to prevent the unrepentant wrongdoer from invoking the aid of a court. It is quite clear, therefore, that if summary judgment procedure is to be effectively used by an infringer to permit him to continue to infringe without accountability, the case for summary judgment must be made out clearly and beyond the peradventure of a doubt. No such showing was made here. The facts relied on certainly permitted inferences to the contrary of those drawn by the court. Indeed, taking them as a whole, we think that was the tendency of the proof. It was not, however, the function of the district judge, on a motion for summary judgment, it is not ours, to undertake, where, as here, conflicting inferences may be drawn, to determine what they should be. It is sufficient to say that the matter was not one for summary judgment and that the judgment must be reversed with directions for trial on the merits.

As to the counter-claim, we think that the record made on the motion for summary judgment was almost, if not quite, sufficient to sustain the judgment. We are of the opinion, however, that since the motion raises questions of intent and good faith, this matter, too, ought not to have been disposed of by summary judgment and without trial on the merits.

Finally, since this is a patent suit and as such there is a public interest involved, instead of being tried and determined piecemeal, as was attempted here, it ought to be determined as a whole on the issues of patent validity, infringement and misuse. Tried and determined as a whole, the questions raised upon the issue of plaintiff's unjust and unfair uses and practices in respect of the patent could then be considered in the light of the realities as to whether plaintiff has a patent and whether defendant has infringed it, and not, as was done on this record, by a kind of shadow boxing in vacuo.

The judgments on both appeals are reversed with costs to plaintiff-appellant and with directions for further and not inconsistent proceedings.

McCORD, Circuit Judge, concurs in the result.