**UNITED STATES v. DOLLAR et al.**

**No. 13130.**

United States Court of Appeals,
Ninth Circuit.

Nov. 20, 1951.

Order Dec. 14, 1951.

Writ of Certiorari Denied Jan. 7, 1952.

See 72 S.Ct. 304.

See also, 9 Cir., 190 F.2d 547, 341 U.S. 737, 71 S.Ct. 987, 95 L.Ed. 1331.

Holmes Baldridge, Asst. Atty. Gen., Edward H. Hickey and Donald B. Mac-Guineas, Attorneys, Dept. of Justice, Washington, D. C., Philip H. Angell, Spc. Asst. to the Atty. Gen., for United States.

Herman Phleger, Gregory A. Harrison, Moses Lasky, Alvin J. Rockwell, Brobeck, Phleger & Harrison; Arthur B. Dunne; Heller, Ehrman, White & McAuliffe and Chickering & Gregory, all of San Francisco, Cal., for appellees Dollar et al.

Warner W. Gardner, Washington, D. C., Edward G. Chandler, San Francisco, Cal., for amicus curaie.

Before STEPHENS, HEALY, and POPE, Circuit Judges.

PER CURIAM.

This case is here on appeal by the United States from a summary judgment in favor of appellees, defendants below, to the effect that title to the stock of American President Lines is in the defendants. D.C., 100 F.Supp. 881. The United States has moved for an injunction to preserve the status quo pending appeal.

Briefly stated, the ground of the trial court's holding is that, by reason of the intervention of government counsel in the suit of Dollar v. Land, the United States is estopped to relitigate the issues determined in that suit by the district and appellate courts of the District of Columbia Circuit. This would seem to be but another way of saying that the judgments there rendered are res judicata as regards the

claims of the government. The holding appears at war with the repeated pronouncements of the Supreme Court that the judgments entered in Dollar v. Land would not be res judicata against the United States. Land v. Dollar, 330 U.S. 731, 736, 737, 739, 67 S.Ct. 1009, 91 L.Ed. 1209; Land v. Dollar, 341 U.S. 737, 739, 71 S.Ct. 987, 95 L.Ed. 1331. That the Supreme Court was not unaware of the intervention of government counsel in those suits is evidenced by the remarks of Mr. Justice Frankfurter in his separate memorandum in Land v. Dollar, 341 U.S. 737, 741, 71 S.Ct. 987, 990. He there said that "At every stage the Commissioners were represented by attorneys from the Department of Justice, who asserted as ground for dismissal that the action was a suit against the United States to which consent had not been given."

In this situation it is appropriate that a stay or supersedeas be granted. Counsel for the government are directed to prepare and submit to the court a proposed form of injunction to preserve the status quo pending appeal. The proposed form of injunction shall be served upon opposing counsel who shall have five days after service to make such further suggestions as they may decide proper.

### Order

Pursuant to the Court's opinion filed November 20, 1951:

It Is Hereby Ordered, until further order of the Court, that for the purpose of preserving the status quo and preventing irreparable injury to the United States pending the appeal, appellees R. Stanley Dollar, Dollar Steamship Line, The Robert Dollar Co., and H. M. Lorber be and they hereby are enjoined from taking any action to have issued in their names new certificates representing the 100,145 shares of Class A stock and the 2,100,000 shares of Class B stock of American President Lines, Ltd., in controversy, or to be registered as the owners of said stock and from pledging, selling, transferring or otherwise disposing of said shares or the stock certificates representing said shares; and

It Is Likewise Ordered that American President Lines, Ltd., and its stock transfer agents and stock registrar, Wells Fargo Bank and Union Trust Company, Joseph A. Tognetti, and the Anglo California National Bank of San Francisco be and they hereby are enjoined from issuing any new certificates representing said stock to appellees R. Stanley Dollar, Dollar Steamship Line, The Robert Dollar Co., and H. M. Lorber, or from registering said appellees as owners of any of said shares of stock.