**UNITED STATES v. DOLLAR et al.**

No. 13130.

United States Court of Appeals
Ninth Circuit.

May 13, 1952.

Act, the provision appears to be merely monitory and not mandatory.

Holmes Baldridge, Asst. Atty. Gen., Edward H. Hickey, Donald B. MacGuineas, Attorneys, Department of Justice, Washington, D. C., Philip H. Angell, Sp. Asst. to Atty. Gen., for appellant.

Herman Phleger, Gregory A. Harrison, Moses Lasky and Brobeck, Phleger & Harrison, all of San Francisco, Cal., for appellees R. Stanley Dollar, Dollar Steamship Line, Robert Dollar Co. and H. M. Lorber.

. Warner W. Gardner, Washington, D. C., Edward G. Chandler, San Francisco, Cal., amici curiæ, Ralph K. Davies et al.

Before STEPHENS, HEALY, and POPE, Circuit Judges.

HEALY, Circuit Judge.

The United States brought suit in the court below to quiet title to certain shares of stock. The Dollar defendants moved for a dismissal, for judgment on the pleadings, and for summary judgment. Treating the motion solely as one for summary judgment, the court granted it and entered judgment to the effect that title to the shares resides in the Dollar Steamship Line and certain other named defendants. D.C., 100 F.Supp. 881. The United States appeals.

In an earlier suit involving the same shares brought by the Dollar interests against the members of the United States Maritime Commission in the District Court of the District of Columbia Circuit, judgment initially went against the plaintiffs, it being found and determined that the shares had been acquired by the Commission outright, not as a pledge as claimed by the plaintiffs. Dollar v. Land, D.C., 82 F.Supp. 919. On appeal the Court of Appeals of the District reached an opposite conclusion and reversed. Dollar v. Land, 87 U.S.App. D.C. 214, 184 F.2d 245.

In ruling on the motion for summary judgment in the present action the trial court appears to have considered the record in the District of Columbia suit for the purpose only of determining whether the issues were the same as here. It does not appear to have made any appraisal of the facts or undertaken independently to determine the issues either of fact or law. In short, as we understand its action, it by-passed decision on the view that a rule of law precludes litigation by the United States. Obviously summary judgment could not properly have been granted on any other theory. The facts and circumstances before the courts in the case decided in the District of Columbia Circuit were such that reasonable minds not only could, but did, draw from them opposing inferences as to the nature and effect of the

transaction. This being true the case was not one for summary disposition, but for trial and findings. Detsch & Co. v. American Products Co., 9 Cir., 152 F.2d 473; Stevens v. Howard D. Johnson Co., 4 Cir., 181 F.2d 390, 394; Paul E. Hawkinson Co. v. Dennis, 5 Cir., 166 F.2d 61; Ramsouer v. Midland Valley Ry. Co., 8 Cir., 135 F.2d 101; National Surety Corp. v. Allen-Codell Co., D.C.E.D.Ky., 5 F.R.D. 3; cf. Vale v. Bonnett, D.C.Cir., 191 F.2d 334; Lane Bryant, Inc., v. Maternity Lane, 9 Cir., 173 F.2d 559, 564. Furthermore the United States asserts that it has available and is prepared to offer numerous items of new evidence tending to establish the validity of its claim. These items are set out in the government's brief. Appellees argue that they are not new, or are incompetent, or merely cumulative. However, criticisms of this nature are for the trial court to consider when the evidence is offered.

As we pointed out on an earlier occasion, United States v. Dollar, 9 Cir., 193 F.2d 114, the ground of the judgment below is that by reason of the intervention of government counsel in the defense of the suit against the Maritime Commission, the United States is estopped to relitigate the issues determined in that suit. The decision appears to us at loggerheads with repeated declarations of the Supreme Court in the course of the earlier suit. Land v. Dollar, 330 U.S. 731, 736, 737, 739, 67 S.Ct. 1009, 91 L.Ed. 1209; Land v. Dollar, 341 U.S. 737, 739, 741, 71 S.Ct. 987, 95 L.Ed. 1331. It is for that tribunal, not for us or for the district judge, to determine whether those declarations still hold good.

Apart from the doctrine of collateral estoppel, appellees urge several grounds for affirmance not ruled on by the trial court. We are not disposed to consider the arguments at this juncture.

The judgment is reversed and the cause remanded for plenary trial on the issues of fact and law involved.

POPE, Circuit Judge.

I concur. But I wish to add some observations as to my own views in the matter.

The trial court's conclusion as to the application of the doctrine of collateral estoppel is based upon the fact that the individuals who were defendants in Dollar v. Land were represented by the Government attorneys, who took over the defense and controlled the case. The propriety of the application of that rule in cases involving private persons, and where no question of sovereign immunity arises, must be conceded. Souffront v. Compagnie Des Sucreries, 217 U.S. 475, 30 S.Ct. 608, 54 L.Ed. 846. The court thought that logic and reason required the application of the same rule here, so as to require a holding that the United States was bound by the former judgment.

I am not satisfied that our citation of Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209; and Land v. Dollar, 341 U.S. 737, 71 S.Ct. 987, 95 L.Ed. 1331, is a complete answer to the trial court's reasoning. When the first of those opinions was written the only issue was whether the suit was actually one against the United States, and hence whether the suit was maintainable at all. The acts upon which the trial court based its conclusion of a collateral estoppel occurred after that time. And although the later of these two opinions says: "We have heretofore held that judgments entered in the instant cases would not be res judicata against the United States," yet I am not satisfied that this can be regarded as the final word on this question, notwithstanding things said by Mr. Justice Frankfurter, and papers filed in connection with the pending petitions for certiorari, may have been sufficient to advise the court that Government counsel had handled the case and that a problem of collateral estoppel might be involved. Certainly the question had not then been argued to the court.

But apart from those two opinions, I cannot agree that the rule commonly applied to private parties must be extended to the United States in this case. No case has ever so held. Language quoted by appellees from Drummond v. United States, 324 U.S. 316, 65 S.Ct. 659, 89 L.Ed. 969, is mere dictum. United States v. Candelaria, 271 U.S. 432, 46 S.Ct. 561, 70 L.Ed. 1023, also relied upon, in addition to being a case

where Government counsel represented a plaintiff, presented facts where the only title involved was one claimed by an Indian tribe, and where no separate Government title was involved.

I am not willing, here for the first time, to enunciate any such rule as that relied upon by appellees, nor to brush aside the contrary statements in Carr v. United States, 98 U.S. 433, 25 L.Ed. 209 and United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171. I think that the situation here is such that the rule urged by appellees would, as a practical matter, prevent the Government from claiming its immunity.

Appellees bring this aspect of the case to a sharp point by the statement in their brief that "when the Supreme Court decided in 1947 that Dollar v. Land could be maintained, the Attorney General was put to his choice, to stay in or to go out."

When an individual holding public office is sued, as here, it is not in the public interest that he should not be defended.[1] I think that a public policy that he should be defended and the propriety of his challenged acts asserted, is fully consistent with the rule of sovereign immunity. Yet appellees would have it that if the Attorney General provides this defense, the Government is bound practically to the same extent as if it had been properly made a defendant in the first place.

The argument that litigation should have an end, that the private litigant who sues the public officer as an individual should not be denied the fruits of a hard won victory, is not without appeal. But I think that the public policy behind the rule of sovereign immunity is one which must prevail against these other considerations.[2] That, in my opinion, is why the ordinary rules of collateral estoppel should not apply here.

[1] I have no doubt that Congress might authorize the defending officer to hire private counsel and provide for reimbursement to him of this expense. In that case, I would think, it would not occur to anyone to claim a collateral estoppel against the Government. I see no necessity for a different result from what

the Attorney General has done here, to accomplish substantially the same thing.

[2] A case in which the primacy of the principle of immunity was expressed is United States v. U. S. Fidelity & Guaranty Co., 309 U.S. 506, 513, 60 S.Ct. 653, 84 L.Ed. 894.