227 F.2d 228
 Marie S. KIRKPATRICK, Margaret S. Hayes, and J. H. Pearson, Administrators of Estate of N. B. Smithey, deceased, Appellants,
v.
CONSOLIDATED UNDERWRITERS and T. H. Mastin & Company, Appellees.
 No. 7048.
 United States Court of Appeals Fourth Circuit.
 Argued October 14, 1955.
 Decided November 14, 1955
 
 Kyle Hayes, North Wilkesboro, N. C., for appellants.
 Stephen Perry Millikin and McNeill Smith, Greensboro, N. C. (Smith, Moore, Smith & Pope, Greensboro, N. C., on the brief), for appellees.
 Before PARKER, Chief Judge, DOBIE, Circuit Judge, and THOMSEN, District Judge.
 PARKER, Chief Judge.
 
 
 1
 This is an appeal from a summary judgment for defendant in an action on a standard policy of Workmen's Compensation and Employers' Liability insurance. The insured was the owner of a hammer mill at which injuries were sustained by one Webster. The complaint alleges that Webster was an employee of insured, that he was injured while in and around the mill performing services for the insured, that the company was notified of the injury but denied liability therefor, and that Webster sued the insured who was forced to employ counsel and incur liability for counsel fees and to pay $3,625 in settlement of the suit. In its answer defendant admitted that it had denied liability under the policy and had refused to make any settlement of Webster's claim or defend the suit instituted by him, but alleged that he was not an employee of insured.
 
 
 2
 The policy of insurance provided not only for payment of amounts due to any employee under Workmen's Compensation Laws but also to indemnify the insured against loss on account of employers' liability and to defend all suits or other proceedings and demands therefor although these might be wholly groundless, false or fraudulent. The pertinent portions of the policy are as follows:
 
 
 3
 "1. (b) To indemnify this Subscriber against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employes as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada.
 
 
 4
 * * *.
 
 
 5
 "3. To defend, in the name and on behalf of this Subscriber, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."
 
 
 6
 At a pre-trial hearing the following facts were developed. Webster was injured at insured's mill on September 21, 1951. On January 12, 1952, insured's attorney wrote a letter to the company's representative stating that Webster had received injuries at the mill, that the mill was covered by the policy and that Webster was contending that he was an employee at the time of the injury. On February 20 the representative of the company replied that an investigation did not disclose that Webster had sustained an injury by accident arising "out of and in the course of his employment" and that the company must decline the claim. On February 22, 1952, the representative of the company wrote insured's attorney that he had had a conversation with Webster and the latter's attorney regarding a settlement and that they had indicated that they would enter suit. On March 3, 1952, the company's representative wrote insured's attorney asking that he be advised of any action taken in the case and that he be given copies of any pleadings filed. On December 30, 1952, Webster commenced an action against insured on account of the injury that had been under discussion and filed a complaint in which he alleged that, at the time of his injury "he was cleaning out and in front of and under a hammer mill" belonging to insured, when he was struck by a belt negligently removed from a pulley by one Williams, an employee of insured. Copies of the summons and complaint in the action were sent promptly by insured to the representative of the company, with demand that it defend the action; but these were returned with the statement that there was no insurance coverage that would apply. $3,625 was paid by the insured in settlement of the action brought by Webster.
 
 
 7
 We think that, upon these facts, there was error in entering summary judgment for the company, which had undertaken to indemnify the insured, not only against liability for Workmen's Compensation payments for which he might be liable, but also against liability on account of injuries to employees and to defend in his behalf any suits or other proceedings which might be instituted on account of such injuries "although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent". Whether Webster was claiming to be an employee of insured or not was not settled by anything stipulated at the pre-trial conference; and, whether he was an employee or not, he had claimed that he was an employee, and when he filed his complaint, made allegations upon which he could have recovered as an employee. In considering whether that complaint alleged a cause of action which the company was bound under its policy to defend, the allegations thereof must be considered in the light of the prior negotiations had between the parties, in which the company had been notified that Webster was claiming that he had been injured while performing services as an employee, and in the light of the rule laid down in Employers' Mut. Liability Insurance Co. of Wis. v. Hendrix, 4 Cir., 199 F.2d 53, 56, 41 A.L.R.2d 424, that "the policy should be so construed as to require the insurer to defend where it is apparent from the pleading that there is a reasonable possibility that the insured may be able, under the allegations of the complaint, to prove that his injuries were caused by some act or omission covered by the terms of the contract."
 
 
 8
 Any discussion of the facts of the case or the law applicable thereto is undesirable since the case is to be sent back for trial. It is sufficient to say that we think that there were issues of fact raised by the pleadings upon which the liability of defendant would depend and that it was error to enter a summary judgment for defendant for that reason. In this connection we repeat what we said in Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910, 915, as follows:
 
 
 9
 "It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented. We had occasion to deal with the undesirability of disposing of cases on motions for summary judgment where there was real controversy between the parties in the recent case of Stevens v. Howard D. Johnson Co., 4 Cir., 181 F.2d 390, 394, where we said: `It must not be forgotten that, in actions at law, trial by jury of disputed questions of fact is guaranteed by the Constitution, and that even questions of law arising in a case involving questions of fact can be more satisfactorily decided when the facts are fully before the court than is possible upon pleadings and affidavits. The motion for summary judgment, authorized by rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., which in effect legalizes the "speaking" demurrer, has an important place * * * in preventing undue delays in the trial of actions to which there is no real defense; but it should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. See Westinghouse Electric Corp. v. Bulldog Electric Products Co., 4 Cir., 179 F. 2d 139, 146; Wexler v. Maryland State Fair, 4 Cir., 164 F.2d 477. And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom. Paul E. Hawkinson Co. v. Dennis, 5 Cir., 166 F.2d 61; Detsch & Co. v. American Products Co., 9 Cir., 152 F.2d 473; Furton v. City of Menasha, 7 Cir., 149 F.2d 945; Shea v. Second Nat. Bank, 76 U.S.App.D.C. 406, 133 F.2d 17, 22. As was said by Mr. Justice Jackson, speaking for the Supreme Court in Sartor v. Arkansas Natural Gas Co., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967: "Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try."'"
 
 
 10
 For the reasons stated, the summary judgment will be set aside and the case will be remanded for further proceedings not inconsistent herewith.
 
 
 11
 Reversed.