**Floyd R. SHOAF and Uster Corporation, Plaintiffs,**

v.

**BURLINGTON INDUSTRIES, INC., Defendant.**

**No. C-110-G-58.**

United States District Court
M. D. North Carolina,
Greensboro Division.

Dec. 24, 1959.

Arthur O. Cooke and David Rabin, Greensboro, N. C., for plaintiffs.

Thornton H. Brooks, Greensboro, N. C., John W. Malley, Washington, D. C., Henry N. Paul, Jr., Philadelphia, Pa., and Vaughn, Hudson, Ferrell & Carter, Winston-Salem, N. C., for defendant.

HAYES, District Judge.

In denying the motion for summary judgment, it is sufficient, for the present, to state briefly the reasons therefor. The practice of entering a summary judgment in this circuit has been fully prescribed in Stevens v. Howard D. Johnson Co., 4 Cir., 181 F.2d 390; Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910; Kirkpatrick v. Consolidated Underwriters, 4 Cir., 227 F.2d 228, and Girard v. Gill, 4 Cir., 261 F.2d 695. Applying the principles so ably and fully stated in those cases, it is obvious that, although more than 1500 pages of testimony from 15 witnesses and 175 exhibits are in the record, there is a conflict of evidence and inferences to be deduced therefrom on at least four essential issues in this case, namely: 1st. Did plaintiff's device and method of use constitute invention? 2nd. Did plaintiff disclose his so-called invention to defendant in a confidential manner? 3rd. Did defendant wrong-

fully appropriate it to its own use? 4th. Did plaintiff make a public disclosure of his secret so as to deprive him from any judicial relief?

In my analysis of the record, there is a serious conflict and the facts do not warrant a conclusive answer on a single one of these issues.

The fourth question comes nearest to a conclusive answer, but here there is much confusion and controversy as to the nature and circumstances of the disclosure. For defendant, it is urged that it was notoriously public and quotes excerpts from plaintiff's adverse examination which, standing alone, seem to support defendant's contention. There is evidence to show to the contrary that it was demonstrated only to those who were interested in getting a license and with the implicit understanding that if his invention was used, compensation for it was expected and required. Indeed the argument of defendant stresses the abnormal exactions for the privilege to use it. In the defendant's situation it would now be due plaintiff about $1,000,000. Moreover, the defendant urges that plaintiff undertook, against the public interest, to establish a monopoly on the invention before a patent was granted.

Whether the invention was such that its use in public entirely disclosed the entire secret without the "Know How" by demonstration, is not fully established.

There is ample evidence to support the inference that many manufacturers purchased the device and obtained a license which attests the novelty and usefulness of it. The record needs further and complete elucidation surrounding each disclosure and the number; whether the disclosure was under circumstances where the law would imply that the disclosure was confidential, as in Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912.

If the defendant got the secret under circumstances of secrecy and in confidence under applicable law, it could not make use of it without probably being answerable to plaintiff, regardless of its patentability, as in Schreyer v. Casco Products Corp., 2 Cir., 190 F.2d 921.

The amounts involved here and the issues are so great that a full and complete opportunity should be given the trial court to have all the available evidence before proceeding to final judgment. Even then there will be ample difficulties in arriving at the ultimate facts and in applying the applicable law. This case is not ripe now for the entry of a final judgment on the facts, nor is a controlling question of law as to whether there is a substantial ground for difference of opinion justifying an immediate appeal.

Since the case remains for trial, further discussion is not necessary. The court has carefully considered the very able brief by the defendant's counsel and studied it and as many of the cases as time would permit. However, for the reasons above set forth, the motion is denied.