**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Theron Theodore MYERS et al.,**
**Defendants.**

**Civ. No. 7796.**

United States District Court
N. D. California, N. D.
March 16, 1964.

Peter R. Goldschmidt, Asst. U. S. Atty., San Francisco, Cal., for the United States.

Winters, Winters & Golla, Benicia, Cal., for defendants.

MacBRIDE, District Judge.

This is a civil action by the United States under 40 U.S.C. § 489, relating to the disposition of certain surplus government property, at the Benicia Arsenal, during 1953 and 1954. The cause is presently before the Court on motions by plaintiff and by George Elmer Imhoff, one of the defendants herein.

Plaintiff has moved for "partial summary judgment" (Rule 56(d), Fed.Rules Civ.Proc.) as to the liability of Defendant Imhoff under Count One of the Complaint, contending that the claim stated therein has been adjudicated in a prior criminal action and that the prior determination is res judicata.

The motion is based on the admission of Defendant Imhoff, made in response to plaintiff's Request for Admissions under Rule 36 of the Federal Rules of Civil Procedure, that on or about February 15, 1955, in Criminal Case No. 11314 in this Court, he was convicted of making, and conspiring to make, materially false entries in a matter within the jurisdiction of the Benicia Arsenal, a department of the United States, as charged in Counts One and Four of the indictment in such prior criminal case, and on Defendant Imhoff's further admission that the charges in such Counts One and Four encompassed the transaction alleged in Count One herein. Such admissions may, in a proper case, constitute the basis for the granting of a summary judgment. Rule 56, Fed.Rules Civ.Proc. United States v. Dollar, 100 F. Supp. 881 (D.C.Cal.1951), reversed on other grounds 196 F.2d 551 (9 Cir.).

Under the doctrine of collateral estoppel, a judgment of conviction in a criminal case is res judicata as to issues determined thereby, in subsequent civil

actions between the same parties. The policy of the law favors finality in litigation and, therefore, is opposed to relitigation of issues once determined in an adversary proceeding. United States v. Ben Grunstein & Sons Co., 127 F.Supp. 907 (D.C.N.H.1955).

■■ But a prior criminal conviction is res judicata only as to "questions 'distinctly put in issue and directly determined' in the criminal prosecution." Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1950). In this connection and with particular reference to the prior conviction of conspiracy with which we are here concerned, it is pertinent to note that in a criminal conspiracy case, proof of the unlawful agreement, plus the commission of any of the overt acts alleged in the indictment, not necessarily all the overt acts alleged, suffices to support a verdict of guilty and that, therefore, no conviction of criminal conspiracy suffices, of itself, without further evidence, to establish that the defendant was found guilty of committing *any* particular overt act. See United States v. Ben Grunstein & Sons Co., supra, 127 F.Supp. 910.

■ Moreover, such a prior criminal conviction is not conclusive of additional charges, relating to the same transaction, but first made in the subsequent civil action. United States v. Rubin, 243 F.2d 900, 902.

Plaintiff's claim in Count One herein is based on 40 U.S.C. § 489, which provides that every person who shall engage in, or conspire to engage in, any fraudulent scheme, for the purpose of obtaining any payment or property from the United States in connection with the disposition of government property under law, shall be liable to the United States in the amount of $2,000 for each such act and double the actual damages caused thereby.

The question, therefore, is whether, and to what extent, the issues upon which the liability of Defendant Imhoff under 40 U.S.C. § 489, as charged in Count One herein, have been distinctly put in issue and determined in the prior criminal case.

■ Comparison of the indictment in the prior criminal case with the present Complaint, in light of the pertinent legal principles, stated above, discloses that certain of the averments in the indictment in such prior criminal case were not determined by the conviction thereunder; that the present Complaint makes certain new charges, relating to the same transactions, but in addition to the ones made in the prior case; but that, nevertheless, certain of the questions put in issue and determined in the prior case are raised by the Complaint herein and are res judicata with respect thereto.

■ Accordingly, plaintiff is entitled to "partial summary judgment," as provided for in Rule 56(d) of the Federal Rules of Civil Procedure, with respect to certain issues which shall be deemed established for purposes of the trial herein; and the Court will, therefore, make an order, below, specifying such issues and precluding Defendant Imhoff from relitigating them or offering proof with respect to them.

■ Such order will apply only to the issues specified therein. It will not apply to those issues which were not adjudicated in the prior criminal action. Nor will it apply to any new issue raised for the first time in the present complaint; for example, notwithstanding the argument of plaintiff to the contrary, it will not apply to the issue of damages. The prior conviction did not conclusively determine the issue of damages, and this Court may not, on the basis of the present record, summarily adjudicate that issue. Under 40 U.S.C. § 489(a)(1), plaintiff is entitled to, and prays for, "the sum of $2,000 for each such act, and double the amount of any actual damage which the United States may have sustained by reason thereof * * *".

Plaintiff states in its legal memorandum filed October 23, 1962, that its actual damages, because of the acts of Defendant Imhoff, is $1,092; but it has presented no affidavits or exhibits to support this statement, and the statement itself is not part of the record which this Court may consider on the present motion. Allen v. Radio Corp. of America, 47 F.Supp. 244, 245–246 (D.C.Del.1942); Lane v. Greyhound Corp., 13 F.R.D. 178 (D.C.Ky.1952). Moreover, Defendant Imhoff has submitted affidavits raising questions of fact, requiring a trial, with respect to the issue of damages.

Defendant Imhoff has moved for dismissal of the action as to him for failure of plaintiff to diligently prosecute. Rule 41(b), Fed.Rules Civ.Proc.

██ A motion to dismiss for lack of diligent prosecution is within the discretion of the trial court. Janousek v. French, 287 F.2d 616 (8th Cir.1961). For the reasons stated below, this Court concludes that plaintiff has not so delayed prosecution as to require dismissal of the action.

██ The events on which Count One herein is based occurred in or about October, 1953. The complaint was filed September 8, 1958.[1] Summons issued September 8, 1958, and was served March 30, 1959. Defendant Imhoff filed his answer June 19, 1959. On February 16, 1962, plaintiff filed a Request for Admissions, and on February 27, 1962, Defendant Imhoff filed an answer thereto. Plaintiff filed a motion for summary judgment October 23, 1962. Thereafter Defendant Imhoff filed the present motion to dismiss. The matter has been awaiting action by this Court on such motion, and on plaintiff's motion for summary judgment, for some time.

██ While the delay on the part of plaintiff in filing the Request for Admissions (from June 19, 1959, when Defendant Imhoff filed his Answer, until February 27, 1962) was a serious one and might have been grounds for dismissal if a motion had been made at that time, still no such motion was then made, and, in view of the considerations explained below, the Court feels that plaintiff's delay in filing the motion for summary judgment (from February 27, 1962, to October 23, 1962) was not unreasonable and does not, itself, constitute grounds for dismissal. Where a plaintiff is presently prosecuting his claim with reasonable diligence, the action cannot be dismissed because at some earlier time the plaintiff failed to act with diligence. Rollins v. United States, 286 F.2d 761 (9th Cir. 1961).

██ Prejudice to the defendant, or the absence thereof, is an important factor on a motion to dismiss for lack of diligent prosecution. See 2B Barron & Holtzoff, Federal Practice and Procedure, § 817. If Defendant Imhoff had shown that, because of the unreasonable delay of plaintiff in prosecuting the action, he is unable to locate witnesses or gather evidence or otherwise prepare for trial, this factor would have weighed heavily with the Court in the exercise of its discretion on the present motion. Compare Hicks v. Bekins Moving & Storage Co., 115 F.2d 406 (9th Cir. 1940). But Defendant Imhoff has made no such showing; and, moreover, since the Court is disposed to partially adjudicate the matter summarily on the ground of res judicata, as indicated above, prejudice to the defendant's preparation for trial may not, in the absence of such a showing, be presumed.

██ In view of the foregoing, and having carefully examined the authorities

---

1. It may be noted, incidentally, that the present action is remedial in nature, is not one for a penalty, and consequently is not subject to the five year statute of limitations applicable to actions for enforcement of any civil penalty or forfeiture. United States v. Hougham, 364 U.S. 310, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960); United States v. Doman, 255 F.2d 865 (3d Cir. 1958).

relied on by Defendant Imhoff and the record herein, the Court concludes that the present case is not a proper case for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure for lack of diligent prosecution.

It is, therefore, ordered that the following facts, and only the following facts, are res judicata and shall be deemed established for purposes of trial and require no further proof:

(a) Defendant Imhoff participated in a conspiracy to procure eight Ford V–8 engines, as charged in paragraph 4 of Count One herein (See Count One, Criminal Case No. 11314 in this Court).

(b) Defendant Imhoff made a materially false entry in a matter within the jurisdiction of the Benicia Arsenal, in the form of his signature on a false Receipt for Government Property Sold, which he knew to be false, as charged in paragraph 5 of Count One herein (See Count Four, Criminal Case No. 11314 in this Court).

There are no facts which are deemed established for purposes of trial, except those hereinabove specifically set forth.

It is further ordered that Defendant Imhoff's motion to dismiss for lack of diligent prosecution be, and the same is hereby, denied.