ACCEPTED
01-14-00776-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/21/2015 1:33:25 PM
CHRISTOPHER PRINE
CLERK



THOMAS C. WRIGHT
wright@wrightclose.com

Board Certified
Civil Trial Law and Civil Appellate Law
Texas Board of Legal Specialization

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/21/2015 1:33:25 PM

CHRISTOPHER A. PRINE
Clerk

May 21, 2015

Court of Appeals
First Appellate District of Texas
Attn.: Christopher A. Prine, Clerk
301 Fannin Street
Houston, Texas 77002-2066

> Re: No. 01-14-00776-CV; *Schlumberger Limited and Schlumberger Technology Corporation v. Charlotte Rutherford*

Dear Mr. Prine:

Charlotte Rutherford provides this response to Schlumberger Limited and Schlumberger Technology Corporation's letter discussing the Dallas Court of Appeals' recent anti-SLAPP decision in *ExxonMobil Pipeline Co. v. Coleman*, No. 05-14-00188-CV. Please accept this letter for filing in the above-referenced cause, and distribute same to the panel for its consideration.

There is more than one reason why the *Coleman* decision should not influence the result in this case, the most obvious of which is *Coleman* is not binding authority on this Court. And it should not be followed. *Coleman* is contrary to the Supreme Court's recent admonition against amending the TCPA by judicial fiat. *See Lippincott v. Whisenhunt*, No. 13-0926, 2015 WL 1967025, at *1 (Tex. Apr. 24, 2015) (per curiam) ("A court may not judicially amend a statute by adding words that are not contained in the language of the statute."). The TCPA plainly and unambiguously defines the "right of association" to mean "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." TEX. CIV. PRAC. & REM. CODE § 27.001(2). As the Dallas Court itself expressly recognized, it departed from the statute's plain language in "read[ing] a public-participation requirement into the [statutory] definition." *See Coleman*, slip op. at 10–11.

The Dallas Court's extra-textual policy rationale is especially misguided insofar as the TCPA does contain a "public concern" requirement—but only for claims that implicate "free speech." *Compare* TEX. CIV. PRAC. & REM. CODE

§ 27.001(3) (including "public concern" requirement in defining "free speech"), *with id.* § 27.001(2) (including no "public concern" limitation in defining "right of association"). The Legislature's decision to define the right of free speech to include a "public concern" limitation is strong evidence it intended to impose no such limitation on the right of association, which is defined in the immediately preceding subparagraph. *See Better Bus. Bureau of Metro Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (properly refusing to read omitted words into definition of statutory rights protected by TCPA); *see also Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) (recognizing rule of construction that every word excluded from statute must be presumed to have been excluded for purpose).

The Dallas Court relied on the "absurd results" exception to the primary rule of statutory construction requiring courts to rely on the plain meaning of the words actually used.[1] *See City of Houston v. Bates*, 406 S.W.3d 539, 543 (Tex. 2013). Less than a year ago, the Supreme Court cautioned that "[t]he absurdity safety valve is reserved for truly exceptional cases." *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 568 (Tex. 2014); *see also Brazos River Auth. v. City of Graham*, 354 S.W.2d 99, 109 n.3 (Tex. 1962) ("[O]perating as we are under a strict theoretical division of governmental powers, it would take a bit of doing on the part of the judiciary to say in the absence of ambiguous and uncertain statement or patent or manifest absurdity, that the Legislature intended something different from the clear import of the words chosen by it."). Here, application of the TCPA is not exceptional and does not justify a departure from this Court's practice of careful textual commitment. If the Legislature intended the TCPA to have a narrower application than its plain language supports, the Legislature can easily solve the problem. *See Jaster*, 438 S.W.3d at 574 (Willett, J., concurring) (observing that, by sticking to strict statutory construction, "judges do more to improve the quality of the law than they ever could by decamping from text to hunt the snark of unvoiced legislative purpose.")

---

[1]  *Coleman* also relied on *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210 (Tex. App.—Houston [1st Dist.] 2014, no pet.), placing particular weight on statements in the concurring opinion. *See Coleman*, slip op. at 12. The *Cheniere* majority did not read the TCPA as narrowly as the concurrence or the Dallas Court, but even the majority's view of the TCPA is foreclosed by the Supreme Court's recent decision in *Lippincott*.

*Coleman* is even more distinguishable on its facts. Rutherford has not been sued for private, internal communications having no nexus to a public purpose. Rutherford has been sued for alleged communications regarding enforcement of Dynamic 3D's patent rights through the filing of a patent lawsuit in federal court. Schlumberger's infringing product—the Petrel software—is a product or service in the marketplace, and thus qualifies as a matter of public concern. TEX. CIV. PRAC. & REM. CODE § 27.001(7)(E) (defining "public concern" to include any "issue related to . . . a good product, or service in the marketplace"). The Dallas Court would recognize as much. *See*, *e.g.*, *Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*, 402 S.W.3d 299, 308 (Tex. App.—Dallas 2013, no pet.) (online review of swimming pool builder was "public concern" under TCPA); *Avila v. Larrea*, 394 S.W.3d 646, 655 (Tex. App.—Dallas 2012, pet. denied) (attorney's legal services involve "public concern" under TCPA).

Moreover, Dynamic 3D's patent rights are a public concern as a matter of constitutional law, *see* U.S. CONST. art. I, § 8, cl. 8, and "it is the public interest which is dominant in the patent system." *Mercoid Corp. v. Mid-Continent Inv. Co.*, 320 U.S. 661, 665 (1944); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) (patent suits implicate public interests of consumers, licensees, and manufacturers), *aff'd*, 131 S.Ct. 2238 (2011); *Paul E. Hawkinson Co. v. Dennis*, 166 F.2d 61, 63 (5th Cir. 1948) ("[T]his is a patent suit and as such there is a public interest involved . . . ."). Consequently, even under the Dallas Court's errant reading of the TCPA, Schlumberger's claims for breach of fiduciary duty, misappropriation of trade secrets, conversion, and civil theft were properly dismissed, and the contract claim should have been dismissed.

Respectfully Submitted,

*/s/ Thomas C. Wright*
Thomas C. Wright

**Counsel for Charlotte Rutherford**

Court of Appeals
First Appellate District of Texas
Attn.: Christopher A. Prine, Clerk
May 21, 2015
Page 4


*cc: Via Electronic Service*

Sean D. Jordan
Kent C. Sullivan
Danica L. Milios
Peter C. Hansen
SUTHERLAND ASBILL & BRENNAN LLP
600 Congress Avenue, Suite 2000
Austin, Texas 78701

Craig Smyser
Land Murphy
Justin Waggoner
SMYSER KAPLAN & VESELKA, LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002

*Counsel for Schlumberger Limited and
Schlumberger Technology Corporation*