The chief justice
 

 delivered the opinion of the court:
 

 This is a writ of error to a judgment of the circuit court of the fourth circuit sitting at Baltimore, in the following case.
 

 On the 30th of May, 1800, William Robb, who was then a merchant carrying on trade and merchandize, in the state of Maryland, signed, sealed and delivered to Gabriel Wood, an instrument of writing, purporting to convey to the said Gabriel, his real and personal estate in trust, to secure him from certain notes and acceptances made by him, on account of the said Robb, and afterwards, in trust for other creditors in the deed mentioned. This deed was acknowledged on the 14th of Jun
 
 e;
 
 and was then enrolled according to the laws of Maryland.
 

 On the 12th of July, 1800, a commission of bankruptcy was sued out,
 
 founded on the execution of the deed above mentioned,
 
 and the said William Robb, being declared a bankrupt, his effects were assigned to William Owings and Job Smith, who brought this suit against Gabriel Wood, to recover the money received by him under the deed aforementioned.
 

 Judgment was confessed by the defendant below, subject to the opinion of the court on a case stated, of which the foregoing were the material facts.
 

 The Court gave judgment in favor of the assignees, to which judgment a writ of error was sued out by the present plaintiff.
 

 The only question made by the counsel was, whether the deed, stated in the case, was an act of bankruptcy.
 

 On the 4th of April, 1800, congress passed an act to establish an uniform system of bankruptcy throughout
 
 *251
 
 the United States, which declares, among other things, that any merchant who shall, after the first day of June next succeeding the passage of the act, with intent unlawfully to delay or defraud his creditors, make or cause to be made any fraudulent conveyance of his lands or chattels, shall be deemed and adjudged a bankrupt.
 

 It was admitted, in the argument, that this deed, if executed after the 1st day of June, would have been an act of bankruptcy, but that being sealed and delivered on the 30th of May, it was not within the act, which only comprehends conveyances made after the 1st of June.
 

 For the defendants in error, it was contended, that, by the laws of Maryland, a deed is not complete until it is acknowledged, and therefore this conveyance was made on the 14th of June, when it was acknowledged; and not on the 30th of May, when it was sealed and delivered.
 

 The Maryland act alluded to was passed in
 
 1766,
 
 and declares, “that after the first day of May next, no estate “of inheritance or freehold, or any declaration or limi-“tation of use, or any estate for above seven years, shall
 
 "
 
 pass or take effect, except the deed or conveyance, by which the same shall be intended to pass or take effect, “shall be acknowledged in the provincial court, or before " one of the justices thereof, in the county court, or be-"fore two justices of the same county where the lands, "tenements, or hereditaments, conveyed by such deed “or conveyance do lie, and be also enrolled, &c. within “six months after the date of such deed or convey-“ance.”
 

 The 5th section gives the conveyance, so acknowledged and enrolled, relation to the date thereof.
 

 It is a well established doctrine of the common law, that a deed becomes complete, when sealed and delivered. It then becomes the act of the person who has executed it, and whatever its operation may be, it is his deed. The very act of livery, which puts the paper into the possession of the party for whose benefit it is made, seems to require the construction that it has become a deed.
 

 
 *252
 
 The question now made to the court is, whether the act of the legislature of Maryland has annexed other requisites to an instrument of writing conveying lands, without the performance of which, not only the passing of the estate, intended to be conveyed, is arrested, but the instrument itself, is prevented from becoming the deed of the person who has executed it.
 

 Upon the most mature consideration of the subject, the opinion of the court is, that the words, used in the act of Maryland, which have been recited, consider the instrument as a deed, although inoperative ’till acknowledged and enrolled.
 

 The words do not apply to the instrument, but to the estate that instrument is intended to convey.
 

 Since then the bankrupt law of the United States does not affect deeds made prior to the 1st of June, 1800, and this deed was made on the 30th of May, 1800, the court is of opinion, that the rights, vested by the deed, (whatever they might be) are not divested in favor of the assignees of the bankrupt, and therefore, that they ought not to have recovered in this case.
 

 Judgment reversed-and judgment of
 
 non pros
 
 to be entered.