**MUNSEY TRUST CO. v. ALEXANDER, Inc.**

No. 4956.

Court of Appeals of District of Columbia.

Argued May 6, 1930.

Decided June 2, 1930.

A. M. Schwartz, of Washington, D. C., for appellant.

M. M. Doyle and F. A. Thuee, both of Washington, D. C., for appellee.

J. T. Sherier, of Washington, D. C., amicus curiæ.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment of the Supreme Court of the District in favor of appellee, defendant below, sustaining a demurrer to appellant's declaration.

This was a suit by the Munsey Trust Company, a corporation, plaintiff below, to recover from defendant company rental for certain rooms in the Munsey building in the city of Washington. The declaration was filed in covenant, with the lease sued upon annexed as an exhibit. The lease was signed in the name of the Munsey Trust Company by its vice president, with the seal of the corporation attached. It was also signed on behalf of defendant lessee in its name, by its vice president and general manager, with the seal of the corporation attached. The instrument, however, is not acknowledged as the lease of the lessor, nor is there contained in the lease any power of attorney appointing an attorney to acknowledge the instrument as its lease. The validity of the lease is attacked on the ground that it was not acknowledged as required by statute.

Section 492 of the District Code provides: "No estate of inheritance, or for life, or for a longer term than one year, in any real property, corporeal or incorporeal, in the District of Columbia, or any declaration or limitation of uses in the same, for any of the estates mentioned, shall be created or take effect, except by deed signed and sealed by the grantor, lessor, or declarant, or by will." This section of the Code (32 Stat. 531) is an amendment of a former statute, which contained the following concluding clause: "And acknowledged in the manner herein provided." Looking at the statute in its prior form, it will be observed that the requirement of acknowledgment is not contained in the present act.

The provision of the statute defining the manner in which the deed of a corporation shall be executed is found in section 497 of the Code, as follows: "The deed of a corporation shall be executed by having the seal of the corporation attached and being signed with the name of the corporation, by its president or other officer, and shall be acknowledged as the deed of the corporation by an attorney appointed for that purpose, by a power of attorney embodied in the deed or by one separate therefrom, under the corporate seal, to be annexed to and recorded with the deed." The lease sued upon contains the seal of the corporation, and is signed in the name of the corporation by

its vice president, but it is not acknowledged.

█ █ At common law, a deed is valid between the parties if signed, sealed, and delivered, though not acknowledged or recorded. Goodenough v. Warren, 5 Sawy. 494, 498, Fed. Cas. No. 5534; Wood v. Owings, 1 Cranch, 239, 2 L. Ed. 94. The rule of the common law in this particular has been recognized not only by this court, but by the Supreme Court of the United States, that, as between the parties, a conveyance of real property is valid though not acknowledged. This is based upon the well-established principle that the requirements of acknowledgment is of statutory origin and intended merely as authority for the admission of the deed to record; the recording of such an instrument being required for the protection of creditors and purchasers. As was said by Chief Justice Marshall in Sicard v. Davis, 6 Pet. 124, 136, 8 L. Ed. 342: "The acknowledgment or the proof which may authorize the admission of the deed to record, and the recording thereof, are provisions which the law makes for the security of creditors and purchasers. They are essential to the validity of the deed, as to persons of that description, not as to the grantor. His estate passes out of him, and vests in the grantee, so far as respects himself, as entirely, if the deed be in writing, sealed and delivered, as if it be also acknowledged, or attested and proved by three subscribing witnesses, and recorded in the proper court. In a suit between them, such a deed is completely executed, and would be conclusive, although never admitted to record, nor attested by any subscribing witness."

This court, in Fitzgerald v. Wynne, 1 App. D. C. 107, 121, speaking through Chief Justice Alvey, said: "The great object of the statutes in requiring deeds of conveyance to be acknowledged and recorded is to prevent the practice of fraud upon creditors and purchasers; to furnish the means of notice and protection to innocent third parties. It never has been held, says Chancellor Bland, 'that those laws altered any principle of the common law, or required anything in addition to the common law solemnities as a necessary constituent of a deed, as between the parties to it. Hence a deed of this kind (a mortgage), as between the parties themselves, has always been deemed as valid and effectual without recording as with it.'"

█ We have no hesitation in holding that the lease in question is a perfectly valid conveyance as between the parties to it and the parties to this action, though not acknowledged; and it was error for the court below to sustain the demurrer to the declaration on the ground of the invalidity of the lease.

The judgment is reversed with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.