**BRALOVE v. BRALOVE et al.**

**No. 25749.**

District Court of the United States for the District of Columbia.

Nov. 27, 1944.

Christopher B. Garnett, Leslie C. Garnett, and Karl Kindleberger, all of Washington, D. C., for plaintiff.

Daniel W. O'Donoghue, Jr., of Washington, D. C., for defendant Alma R. Austin.

PINE, Justice.

This is a motion for summary judgment against defendant Alma R. Austin, "ordering and directing her to convey to plaintiff an undivided one-half interest" in an apartment house in the District of Columbia. The action is one for limited divorce and for other relief. The principal defendant, Harry M. Bralove, has not been served with process.

Plaintiff alleges in the complaint that on March 16, 1942, she delivered to defendant Harry M. Bralove her check for $18,000, payable to the District Title Insurance Company, in payment for one-half interest in this apartment house, together with a letter to the title company directing it to use the check when it was authorized to issue a certificate that plaintiff had a one-half interest therein; that "defendant Harry M. Bralove, while delivering her check for $18,000, fraudulently failed to deliver the said letter of instructions"; that the prop-

erty was, on March 23, 1942, conveyed to defendant Alma R. Austin, a straw party, who executed two deeds each for an undivided one-half interest therein and delivered the same to defendants Harry M. Bralove and Bernard Bralove, his son; that the rental agents have accounted to plaintiff for one-half of the rents from the property, but defendant Harry M. Bralove still retains in his possession deed that was executed for plaintiff's one-half interest, and that the property still stands in the name of defendant Alma R. Austin.

Defendant Alma R. Austin admits that the property in question was conveyed to her; that she is a straw party, acting in such capacity at the request of defendant Harry M. Bralove; and that she executed two deeds, each for an undivided half interest in the property. She alleges they were delivered to defendant Harry M. Bralove; that she believes one of the deeds has not been recorded, and that the legal record title to the one-half interest represented thereby remains in her name. She also alleges that she was and still is employed by the real estate firm which acted as rental agents for this property, and admits that this firm has accounted to plaintiff for one-half of the rents derived from the property.

Defendant Bernard Bralove, in his answer, alleges that defendant Austin conveyed to him one-half undivided interest in this property, for which he paid $18,000; and admits that defendant Austin executed a deed for the remaining one-half interest and delivered the same to defendant Harry M. Bralove, and that defendant Harry M. Bralove still retains such deed in his possession.

In support of the motion for summary judgment, plaintiff has filed herein photostatic copy of her check, in the amount of $18,000, and copy of her letter of instructions to the title company, both above referred to.

Summary judgment cannot be granted as against defendant Harry M. Bralove, inasmuch as no pleading by him in answer to the plaintiff's complaint has been served. Rule 56(a) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Summary judgment can therefore be granted, if at all, only as against defendant Alma R. Austin, and this is all that plaintiff's motion seeks.

As above stated, she moves that defendant Austin be directed to convey to her an undivided one-half interest in the apartment house in question. This raises the question as to whether this defendant now has any title thereto which she can convey. As to the deed for the undivided one-half interest to defendant Bernard Bralove, that was executed, delivered, and recorded. Title to the same therefore passed from defendant Austin to defendant Bernard Bralove. As to the deed for the unrecorded one-half interest remaining, that was executed and delivered. Title to the same thereupon passed from defendant Austin to her grantee. The fact that it was not recorded does not invalidate the deed between the parties. Munsey Trust Company v. Alexander, Inc., 59 App.D.C. 369, 42 F.2d 604. According to the record herein, she has heretofore divested herself, by deed, of the complete legal title which was vested in her as a straw person acting in that capacity at the request of defendant Harry M. Bralove, and she cannot be directed to give that which she does not possess.

If defendant Austin now undertook to convey title to an innocent purchaser, the title in her grantee would not be good as against him; but she states in her answer that she will not execute any deed unless ordered by the Court so to do, and plaintiff has not seen fit to move for an injunction against her, doubtless placing reliance on her statement and the pendency of this suit.

Motion for summary judgment will therefore be denied, and any affirmative relief to which plaintiff may be entitled in respect of this part of her action must await the service of process upon defendant Harry M. Bralove, either personally or by publication.

Counsel will submit, on notice, order in accordance herewith, and also proposed order specifying the facts that appear without substantial controversy, pursuant to Rule 56(d), Federal Rules of Civil Procedure.