Rudy Charles **CASSADY** and The Travelers Insurance Company, Plaintiffs,

v.

**DUKE POWER COMPANY**, Defendant.

Civ. A. No. 2804.

United States District Court
W. D. South Carolina,
Spartanburg Division.

May 3, 1962.

George W. Keels, W. T. McGowan, Jr., Florence, S. C., for plaintiffs.

Means & Browne, Spartanburg, S. C., for defendant.

WYCHE, Chief Judge.

This is an action seeking damages for personal injuries sustained by the plaintiff Rudy Charles Cassady resulting from alleged negligent conduct of the defendant's agents and servants.

The case is now before me upon defendant's motion for summary judgment.

In an affirmative defense set up in its answer the defendant contends that the South Carolina Workmen's Compensation Act (Sections 72–1 et seq., Code of Laws of South Carolina, 1952; Section 72–111, in particular) is a bar to the maintenance of this action.

On August 27, 1956, the defendant purchased from Combustion Engineering, Inc. of Windsor, Connecticut, the steam generating equipment necessary for its Lee Station at Pelzer, South Carolina. The contract price for this equipment also included an estimated additional amount to be paid Combustion Engineering as its labor costs in the installation or erection of the equipment.

The plaintiff Rudy Charles Cassady was a welder employed by Combustion Engineering, Inc. On November 13, 1958, while the plaintiff Rudy Charles Cassady was working in the installation of this steam generating equipment, it is alleged that employees of the defendant Duke Power Company negligently left open the floor of an elevated platform without any guard thereabout, resulting

in this plaintiff falling through the opening some seventy-five feet to the ground, from which fall he received serious and permanent injuries requiring extensive medical treatment.

Plaintiff's employer Combustion Engineering, Inc. had coverage under the South Carolina Workmen's Compensation Act with the plaintiff Travelers Insurance Company. The individual plaintiff has been paid by this carrier such compensation as the Act provides.

The Act provides that where an employee sustains injury giving rise to the right to recover damages from any person other than the employer, an action at law may be instituted against such third person. (Sections 72–122, 72–123, 72–125 and 72–162, Code of Laws of South Carolina, 1952. Where compensation has already been awarded, the employer or carrier is subrogated and is joined as a party-plaintiff.)

The defendant alleges that it was the statutory employer of the individual plaintiff, and as such, is not amenable to suit as a third party. The provisions of Section 72–111, Code of Laws of South Carolina, 1952, set forth the liability of an owner who executes work which is a part of his trade, business or occupation through contract with another person, to pay Workmen's Compensation to employees of such contractor, that is, liability as the statutory employer. Section 72–111, supra, provides as follows: "Liability of owner to workmen of subcontractor. When any person, in this section and §§ 72–113 and 72–114 referred to as 'owner', undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 72–113 to 72–116 referred to as 'subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him."

Rule 56, Rules of Civil Procedure, 28 U.S.C.A., authorizes summary judgment only where it is perfectly clear that "there are no issues in the case". It should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. "And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom." Kirkpatrick v. Consolidated Underwriters, (C.A.4) 227 F.2d 228 (1955). "Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Sartor v. Arkansas Natural Gas Co., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967.

Many factors have been considered by the courts in deciding whether the work being performed for the owner by another under contract with the owner was a part of the owner's trade, business or occupation, some of which are as follows:

1. Was the contract one for the sale of a commodity or product to the owner rather than a construction subcontract? Garrett v. Tubular Products, Incorporated, (D.C.Va.) 176 F.Supp. 101 (1959).

2. Was the contract one for the acquisition of facilities, which after completion, would be used by the owner in its trade or business? If the facilities being acquired necessitate special work, not generally done directly by others engaged in the same line of business as the owner, such as special construction, then such specialists are not performing a part of the trade or business of the

owner. Sears, Roebuck & Co. v. Wallace, (C.A.4) 172 F.2d 802 (1949); Horrell v. Gulf and Valley Cotton Oil Co., 15 it has never constructed any boilers (the La.App. 603, 131 So. 709.

3. To what extent did the owner have employees of its own engaged in the same type work as that being performed under the contract? Byrd v. Blue Ridge Cooperative, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953; Glidden Rural Elec. Co-operative v. Iowa Employment Security Commission, 236 Iowa 910, 20 N.W.2d 435.

4. Did the owner have the right to control only the result or product of the work? Kramer v. Kramer, 199 Va. 409, 100 S.E.2d 37.

 The defendant Duke Power Company is primarily engaged in the generation and distribution of electric power. The extent to which it is engaged in the construction business beyond the preparation of the site and the physical plant where steam generating equipment, consistently purchased from Combustion Engineering, Inc. is ultimately installed is not so clearly shown by the present record. In the answers to the plaintiffs' Interrogatories, the defendant admits that steam generating equipment) for any other party and that during the past twenty years has purchased all of such equipment needed by it (twenty-one different units) from Combustion Engineering, Inc.

The affidavits relied upon by defendant relate principally to the contention of defendant that all details of the work performed by Combustion Engineering, Inc. were subject to the supervision and control of the defendant. The contract between the parties, however, contains provisions consistent with plaintiffs' contention that only the end result or product was subject to such control.

Without attempting to enumerate them, because the case is yet to be tried, there are a number of other issues, bear-

ing upon the ultimate decision, where the material facts disclosed by the present record are not so clear as to eliminate dispute, both as to what the truth is and what conclusions are to be drawn therefrom. "Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of 'even handed justice.'" Poller v. Columbia Broadcasting, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

For the foregoing reasons, it is my opinion that the motion for summary judgment should be denied, and

IT IS SO ORDERED.