**Henrietta Gurganus MICKLE, Plaintiff,**

v.

**Annie LIPSTOCK, Defendant.**

**Civ. A. No. AC–1127.**

United States District Court
E. D. South Carolina,
Columbia Division.

Oct. 22, 1965.

---

8. 4 Cir., 209 F.2d 942.

John C. West, of Murchison & West, and J. Clator Arrants, Camden, S. C., for plaintiff.

Quintard Joyner and Frank E. Rector, Camden, S. C., for defendant.

HEMPHILL, District Judge.

Motion of plaintiff for Summary Judgment "based upon the record in this case, including interrogatories, depositions and the statement of uncontested facts as set forth in letter dated August 28, 1965 from defendant's counsel," originally filed September 8, 1965, combined with "cross-motion on behalf of the defendant * * *" filed October 14, 1965, seek decision by this Court pursuant to Rule 56, Federal Rules of Civil Procedure. Counsel admitted, at the hearing of October 14, 1965, that the issue of the quantum of damages was of such contest as to forbid finding by the Court, absent jury, on such issue.

Originally instituted in April 1963 in the Court of Common Pleas for Kershaw County, South Carolina, the cause reached this forum by process of removal. Plaintiff sought damages for negligence of defendants Lipstock and American Mutual Insurance Company, the latter having been dismissed by October 16, 1963, Order of this Court. Certain uncontested facts appear.[1]

## UNDISPUTED FACTS

On May 29, 1962, defendant entered into written agreement, called "Automobile Ownership Authorization Order," with Aaacon Drivers Exchange, Inc., at 147 West 42nd Street, New York City, concerning the transportation of her 1962 4-door Chevrolet Sedan to Bay Harbor Island, Miami Beach, Florida, the agreement reads in part:

> [Owner does] hereby retain and authorize AAACON DRIVERS EXCHANGE, INC. to process a driver for me and in my behalf to be available on the date 5/31/62 to drive my

1. Reported herein as directed by Rule 56 (d) of the Federal Rules of Civil Procedure, which reads: Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

car as per my instructions. I, the car owner guarantee that the above vehicle is fully covered by insurance, such insurance consisting of liability, property damage, collision, theft, fire, and personal property. I do hereby understand that the driver is not the agent, servant, or employee nor is the ownership or title of this said automobile changed as a result of this order agreement. I fully understand that AAACON DRIVERS EXCHANGE, INC. is not engaged in the operation of transporting or delivering automobiles and further understand that the principle and sole function of AAACON DRIVERS EXCHANGE, INC. is that of screening and selecting of drivers and that the drivers are photographed, finger-printed, and interviewed about their ability to perform my driving needs.

The car owner agrees that the driver may make necessary repairs (if any) at a cost of up to $10.00 and that in the event that repairs exceed $10.00 or in case of accident the driver is instructed to contact the car owner for specific instructions and permission on how to proceed. The car owner agrees to turn over his car to the driver in good mechanical order, fully gassed, greased, and oiled and the driver agrees to return the said vehicle in satisfactory condition with equipment and personal property intact. The car owner and the driver agree that in the event of accident or damage to the above automobile the car owner shall retain as liquidated damages that part of the driver's fee to pay for the repair of the same. Accept-

ance of the car or payment to the driver shall be deemed to be satisfactory delivery.

The agreed contract price was $71.00.

On June 3, 1962, at about 4:30 P.M. o'clock one Heinz Zuhlke [2] negligently drove an automobile into Town and County Servicenter located on the Southerly side of U. S. Highway #1 about two miles Southwest of Camden, South Carolina. Defendant paid said Aaacon Drivers Exchange, Inc., the sum of approximately $71.00 for such transportation. Heinz Zuhlke, at the aforesaid time and place, was driving the automobile with the consent of the defendant. Defendant did not know Heinz Zuhlke and had no knowledge as to his responsibility, or reliability as a driver, but relied upon Aaacon Drivers Exchange, Inc., to provide a competent, responsible and reliable driver.

Plaintiff was a waitress in a restaurant (snack bar) which occupied the westerly perimeter of the Esso filling station at the Center. She had served a customer-couple, saw the Chevrolet driven by Zuhlke come into the center "packing speed instead of applying brakes, and I heard this terrific screech and I looked and it was on two wheels and I screamed, thinking he was going to turn over * * * it hit the bars around the big flood lights * * * the headlight hit the front of the snack bar." [4]

Plaintiff first ran out of a western door to the side of the snack bar; she went back into the establishment through this door and made her way to a rear door on the South side of the filling station. She claims that when she put her right foot on the ground after the second exit, on the gravel there, [5] it

2. There is no stipulation that Zuhlke was the driver retained or "processed" by Aaacon, but defendant's pre-trial statement was: "The driver of said automobile at said time and place was employed by Aaacon Drivers Exchange, Inc., 147 W. 42nd Street, New York, N. Y., to transport defendant's car from New York to Florida."

4. From page 3 of the deposition of plaintiff of August 12, 1963.

5. Page 7 of deposition, supra, n. 4.

slipped, and "I just popped my back—I just felt it twist."

The complaint alleges (paragraph 3) that the Chevrolet was driven "into and upon Town Country Service Center, near the City of Camden, County of Kershaw, State of South Carolina, causing the plaintiff, who was avoiding being hit by the automobile, to run and fall, causing unto herself serious, severe and permanent injuries; that the automobile referred to above has been attached and is within the jurisdiction of this Court and there is at this time an action pending against said automobile."

Injuries and damages are not proper for discussion here.

## ISSUES BEFORE THE COURT

At the pre-trial the issues were narrowed as follows:

1. Was the driver of the automobile the servant or agent of the defendant?

2. Was the negligence of the driver of the automobile the proximate cause of plaintiff's alleged fall?

3. Were the alleged injuries, pain, suffering, and disability, which are the subject of plaintiff's action, the result of plaintiff's alleged fall?

4. Did plaintiff's own negligence contribute to her own alleged fall?

"Rule 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of fact and upon which the moving party is entitled to prevail as a matter of law. The motion may be made as to all or a part of a claim or defense. It may be made on the pleadings or the record or it may be supported by affidavits." [6]

This Court, reviewing the applicable portion of Wright on Federal Courts (1963 Ed.) rejects the "strict" rule [7] and adopts the moderate rule, propounded by Wright:

A better formulation would be that the party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. [8]

Defendant contends that it conclusively appears as a matter of law that plaintiff is barred from recovery because the record before the Court shows that the person who committed the tort, Zuhlke, was not defendant's agent, and thus defendant was not responsible for his conduct. [9] This contention is founded on the sworn answers of defendant, dated August 25, 1965, to plaintiff's interrogatories: [10]

Question 2: Who was driving the above described automobile?

Answer: Heinz Zuhlke.

Question 3. Was he employed by you to drive your automobile?

Answer: No.

Question 4: If he was not employed to drive your automobile by you, who employed him and by what authority?

Answer: Employed by Aaacon Drivers Exchange, Inc. I employed the Aaacon Drivers Exchange, Inc. to deliver my car to Florida.

---

6. 3 Barron and Holtzoff, Federal Practice and Procedure (Wright Ed. 1958) p. 96, § 1231.

7. It is said that summary judgment should not be granted if there is "slightest doubt" as to the facts. See Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135 (2nd Cir. 1945); Peckham v. Ronrico Corp., 171 F.2d 653, 657, (1st Cir. 1948); Armco Steel Corp. v. Realty Inv. Co., 273 F.2d 483, 484 (8th Cir. 1960).

8. Wright on Federal Courts (1963 Ed.) p. 387.

9. Seward v. Nissen, 2 F.R.D. 545 (D.Del. 1942).

10. Paragraph III of defendant's answer avers in part: " * * * but denies that said automobile was at said time and place being driven by this defendant's agent, servant or representative or at her direction * * *."

Question 5: Was the driver of your automobile driving it with your permission and consent, whether direct or delegated?

Answer: Yes.

Question 6: Did you or the person who employed the driver investigate and determine as to whether the driver was responsible and reliable?

Answer: I made no such investigation. The agency which supplied the driver assumed that responsibility.

■ Plaintiff contends the agreement hereinabove quoted was and is such as to settle the critical question of agency. It is obvious that a summary judgment cannot be rendered against Aaacon Drivers Exchange, Inc., as no process has been effected to bring that corporation within this Court's jurisdiction.[11]

This Court adopts the language, and reasoning expressed by now Senior United States District Judge Timmerman in McLain v. Carolina Power & Light Co.[12]

> The issue thus tendered by the defendant is not one that should be too readily disposed of on affidavits. It can better be considered and disposed of after the witnesses have been subjected to cross examination. Too often in affidavits facts are so jumbled with conclusions as to make it quite difficult to determine which is not the other.

The McLain issue was presented on affidavits. Here it appears that defendant is alive, has made a statement which plaintiff says is in conflict with the agreement she signed. Justice deserves the explanation, the exploration of cross-examination.

Cassady v. Duke Power Co.[13] involved the critical question of whether a welder was a statutory employee of the purchaser primarily engaged in generation and distribution of electric power. One of the questions related in the opinion was, "Did the owner have the right to control * * *." Of course the facts are not identical with those here, but the language of Senior District Judge C. C. Wyche is significant:

> Without attempting to enumerate them, because the case is yet to be tried, there are a number of other issues, bearing upon the ultimate decision, where the material facts disclosed by the present record are not so clear as to eliminate dispute, both as to what the truth is and what conclusions are to be drawn therefrom.

Counsel are to be commended for excellent briefs on the issue of agency, other issues. This Court does not suggest the advantage of bringing Aaacon into this forum. It is convinced, however, that a fair and just course is to proceed to trial rather than to resolve the case on motion. There appear to be genuine issues of fact.

All motions for Summary Judgment are denied.

And it is so ordered.

---

11. Bralove v. Bralove, 57 F.Supp. 1016, 1017 (D.C.D.C.1944).

12. 172 F.Supp. 273, 276 (E.D.S.C.1959).

