Gloria Geneva HAWKINS, a minor over the age of fourteen years, by her Guardian ad Litem, Mrs. Willie Mae McAlister, Plaintiff,

v.

SOUTHERN RAILWAY COMPANY, a corporation, Defendant.

Civ. A. No. 68–762.

United States District Court
D. South Carolina,
Anderson Division.

Nov. 21, 1968.

G. Ross Anderson, Jr., of Anderson, Chapman & Kenyon, Anderson, S. C., for plaintiff.

Thomas H. Pope, of Pope & Schumpert, Newberry, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

Defendant seeks summary judgment as contemplated by Rule 56(b) and (c),[1] Federal Rules of Civil Procedure. Before the court was the official file of the Clerk of Court, which contained the pleadings, a deposition of the minor plaintiff with attached schematic drawing of the scene of the accident involved, an affidavit of defendant's claim agent with supporting pictures, and pictures possessed by plaintiff's counsel.[2] The case may be properly designated as a claim for damages arising out of injuries proximately caused by the alleged negligence of defendant, an action at law arising out of a civil wrong known as a *tort*. Plaintiff was standing near defendant's track at a grade crossing[3], in the Town of Williamston, in Anderson County, South Carolina, when she was struck by one of the cars[4] of defendant's northbound train. Plaintiff, who chose the state courts as a forum before removal to this court, alleged negligence and willfulness on the part of defendant. The answer contained a general denial, a plea of sole negligence/willfulness on the part of the minor plaintiff as the proximate cause of the injury, and contributory negligence/willfulness, as a bar to recovery.

At the threshold this court faces the admitted fact that this is a negligence action, a tort claim. The general attitude of Federal Courts on this procedural issue is found in Barron and Holtzoff, Federal Practice and Procedure (Wright Edition 1958) Section 1231.1:

> Summary judgment will not usually be feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony.

> \*   \*   \*   . \*   \*   \*

> Issues of negligence and contributory negligence, generally have to be tried although there are some instances in which it may appear that even if the facts as claimed by the plaintiff are proven, there can be no recovery. Summary judgment for the defendant is proper in such a case. Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question met the standard of the reasonable man.

This court, mindful of the maxim that summary disposition lies only when it is clear no issue of fact is involved, has previously published various decisions. Cassady v. Duke Power Co., 30 F.R.D.

---

1. Fed.R.Civ.P. 56(b) and (c):

   (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

   (c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

2. No objection was made when counsel exhibited these to the court. He did not file them with the Clerk but returned them to his file at the conclusion of the hearing.

3. Grade crossings of railroads with common roads are places of obvious peril to the traveler upon the common road. Giberson v. Bangor & A. R. Co., 89 Me. 337, 36 A. 400, 401, 18A Words and Phrases p. 336.

4. In her deposition she testified the engine had passed and the first car after the engine hit her on her right side.

121 [5], (W.D.S.C.1962); Frankel v. Kurtz, 239 F.Supp. 713 (W.D.S.C.1965); Mickle v. Lipstock, 39 F.R.D. 58 (E.D. S.C.1965); Amick v. Gooding Amusement Co., 248 F.Supp. 782 (D.S.C.1966); Bradford v. School District No. 20, Charleston, S. C., 244 F.Supp. 768 (D.S. C.1966) aff'd 364 F.2d 185 (4th Cir. 1966).

Certain facts are practically undisputed. Defendant's main track crosses the paved Main Street of Williamston at near right angles. Two additional spur tracks cross Main Street to the east of the main line. Main Street, also known as South Carolina State Highway No. 20 from Anderson to Greenville, measures approximately forty feet in width and the crossing is marked by two flashing [when activated] signals equipped with lights and bells, one of which is located between Main Street and the sidewalk on the west of the track and the other on the north side of the street and to the east of the tracks. A circuit switch to activate the signal lights and bells at the crossing is located 1186 feet south of Main Street.

A shoe repair shop, operated by a Mr. Campbell, is located on the northwest corner of the intersection and approximately twenty-five feet from the main track of defendant. The minor plaintiff testified that the walkway from this shop to the track was paved with asphalt, was smooth and contained no noticeable obstacles to a pedestrian.

On October 29, 1966, shortly after one o'clock p. m. she went to the shoe shop to have her brother's shoe repaired. She learned that Mr. Campbell could not repair the shoe, then walked out of the shop at about 1:30 and walked directly to the railroad track running in front of the shop, at a point just north of the paved Main Street.

She testified that she looked for trains when she was about four feet from the near rail and that she did not see a train. She listened but heard no signals; the crossing signals, according to her, were not working. She took several more steps and crossed the first rail, at which time she heard a whistle which caused her to look to her right or to the South. At that time the train had not reached the sidewalk paralleling Main Street on the South. Plaintiff testified that she took one step back and that she didn't take any more because she did not think she had to move further back to protect herself. She remained stationary after taking one step back until the engine passed her. She said there was nothing to stop her from moving back further from the track, that the footing was good, that she did not stumble or slip at any time, that she was not wearing a hat and did not have anything over her head to interfere with her hearing, and that the sun was shining and the weather was fair.

She says that she stepped back only five or six inches from the near rail and that at the time she took this backward step, the locomotive whistle was blowing, its front headlight was burning, and its bell was ringing.

---

5. 30 F.R.D. 122: Rule 56, Rules of Civil Procedure, 28 U.S.C.A., authorizes summary judgment only where it is perfectly clear that 'there are no issues in the case.' It should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. 'And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom.' Kirkpatrick v. Consolidated Underwriters, (C.A.4) 227 F.2d 228 (1955). 'Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.' Sartor v. Arkansas Natural Gas Co., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967.

Plaintiff was eighteen years old on June 20, 1968, a student at Woodmont High and a member of the senior class or twelfth grade; she has made better-than-average grades throughout her high school career. She was familiar with the Town of Williamston since she usually shopped there and in Belton and that she had lived nearby all of her life. She knew that the crossing had flashing signals but stated that the signals were not being given when she walked toward the track. In answer to the direct question as to why she did not take any more steps backward, she said "It seemed like I was out of the way, far enough from the train."

She said she continued to look toward the train during the whole time after she first saw the train until she was hit by the first car after the locomotive and she further admitted that she could have taken several more steps back if she had thought it necessary. At the time of impact she stated that she was standing perfectly still. And plaintiff admitted that from the point where she stopped to look for the train she could see about a mile and a half down the track and that she did not see the train. She said that when the whistle blew as she stepped on the track, she heard it and saw the train beyond the sidewalk bordering Main Street.

■■ In reviewing these facts, this court is mindful of the rule that "it is always train time at a railroad crossing" and that a vehicle driver, or pedestrian, going on or near railroad tracks must observe due care, or as otherwise stated reasonable care, when attempting to cross. Robison v. Atlantic Coast Line R. Co., 179 S.C. 493, 184 S.E. 96; Hicks v. Atlantic Coast Line R. Co., 187 S.C. 301, 197 S.E. 819; Carter v. Atlantic

Coast Line R. Co., 192 S.C. 441, 7 S.E. 2d 163; Harrison v. Atlantic Coast Line R. Co., 196 S.C. 259, 13 S.E.2d 137; Vernon v. Atlantic Coast Line R. Co., 221 S.C. 376, 70 S.E.2d 862; Gossett v. Piedmont & N. Ry. Co., 241 S.C. 501, 129 S.E.2d 326; Doremus v. Atlantic Coast Line R. Co., 242 S.C. 123, 130 S.E. 2d 370; Wingate v. Seaboard Air Line R. Co., 244 S.C. 332, 137 S.E.2d 258; Russell v. Seaboard Air Line R. Co., 246 S.C. 516, 144 S.E.2d 799; Atlantic Coast Line R. Co. v. Glenn, C.A., 198 F.2d 232. This court would observe in every instance the substantive law propounded in decisions by the Supreme Court of South Carolina, and would follow. Erie R. R. v. Tomkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.[6]

The court is reminded that the consideration here pertains not to a motion for nonsuit, involuntary dismissal, directed verdict or judgment notwithstanding the verdict, *after the testimony has been heard by the court*. This is a motion to forever shut the door of the Federal Courthouse to this plaintiff on this cause of action. Defendant's position would be of greater persuasion after the minor plaintiff has *had her day in court.*[7] This is not to say that defense counsel, pursuing discovery by way of deposition, left anything undone; his examination of the minor plaintiff was masterful, an exhibition of superb professional skill.

■■ But, again, the fact that this is a tort action begs consideration. To be sure, the United States Court of Appeals for the Fourth Circuit has not, so far, propounded the philosophy of other circuits that "a summary judgment proceeding does not provide a very satisfactory approach in tort cases"[8] and similarly strong amorphisms[9], but it

---

6. But, as noted in footnote 9 of Amick, supra, subject to change.

7. Literally and figuratively.

8. Kennedy v. Bennett Lumber Co., 261 F. 2d 20 (8th Cir. 1958); Williams v. Chick, 373 F.2d 330, 332 (8th Cir. 1967).

9. Marsden v. Patane, 280 F.2d 489 (5th Cir. 1967); Dornton v. Darby, 373 F.

has been explicit in its directions for consideration of the procedure. Chief Judge Parker, of the Fourth Circuit in *Pierce v. Ford Motor Co.*[10] proscribes:

It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented. We had occasion to deal with the undesirability of disposing of cases on motions for summary judgment where there was real controversy between the parties in the recent case of Stevens v. Howard D. Johnson Co., 4 Cir., 181 F.2d 390, 394, where we said: "It must not be forgotten that, in actions at law, trial by jury of disputed questions of fact is guaranteed by the Constitution, and that even questions of law arising in a case involving questions of fact can be more satisfactorily decided when the facts are fully before the court than is possible upon pleadings and affidavits. The motion for summary judgment, authorized by rule 56 Federal Rules of Civil Procedure, 28 U.S.C.A., which in effect legalizes the 'speaking' demurrer, has an important place * * * in preventing undue delays in the trial of actions to which there is no real defense; but it should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. See Westinghouse Electric Corp. v. Bulldog Electric Products

Co., 4 Cir., 179 F.2d 139, 146; Wexler v. Maryland State Fair, 4 Cir., 164 F.2d 477. And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom. Paul E. Hawkinson Co. v. Dennis, 5 Cir., 166 F.2d 61; Detsch & Co. v. American Products Co., 9 Cir., 152 F.2d 473; Furton v. City of Menasha, 7 Cir., 149 F.2d 945; Shea v. Second Nat. Bank, 76 U.S.App.D.C. 406, 133 F.2d 17, 22. As was said by Mr. Justice Jackson, speaking for the Supreme Court in Sartor v. Arkansas Nat. Gas Co., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967: 'Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try.' "

Girard v. Gill (4th Cir. 1958)[11] does not relax Judge Parker's rule of caution in summary proceedings, instead amplifies to direct that the trial court does not resolve ambiguities and conflicts on motions for summary judgments nor choose between conflicting inferences. Nor is the trial court to determine credibility. Indeed, all doubts as to the existence of a genuine issue as to a material fact should be resolved against the moving party. Of more recent vintage is Phoenix Savings and Loan, Inc. v. Aetna Casualty and Surety Co., 381 F.2d 245 (4th Cir. 1967), in which Judge Simons, writing for the court repeated:

It is well settled that summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and estab-

2d 619 (5th Cir. 1967); Rogers v. Peabody Coal Co., 342 F.2d 749 (6th Cir. 1965).

10. 190 F.2d 910, 915 (4th Cir. 1951).

11. 261 F.2d 695.

lishes affirmatively that the adverse party cannot prevail under any circumstances. Neither should summary judgment be granted if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions. 3 Barron & Holtzoff, Federal Practice & Procedure § 1234 (Rules ed. 1958). Burden is upon party moving for summary judgment to demonstrate clearly that there is no genuine issue of fact, and any doubt as to the existence of such an issue is resolved against him. 3 Barron & Holtzoff, Federal Pratice & Procedure § 1235 (Rules ed. 1958).

■■■ In a tort action such as the case before the court negligence and contributory negligence usually present mixed questions of law and fact.[12] Where there is uncertainty as to the existence of negligence or contributory, the question is one of fact and not law. Ordinarily it is the jury's province to draw the inferences from the facts. Nor can this court ignore the issue of proximate cause, legal marriage partner of negligence and contributory negligence where both are issues in the cause. Thus arises, in many cases, the question of whether the want of due care on the part of the injured person is to be held a judicial cause (i. e. proximate cause) of his injury, or is only a condition of its occurrence.[13]

■■ Returning to the facts before the court in this case, where does the chain of causation begin, where does it stop? Is the alleged speed of the train direct, proximate or remote in the chain of causation? [14] What is the impact of minor plaintiff's statement that she stepped back only six inches from the rail and that such distance was sufficient to allow the engine to pass her, but not enough for the first car to pass? What is the significance of the failure of the flashing signals, to warn plaintiff? Is plaintiff's testimony credible? These and other questions, at this stage of the proceedings, require more exploitation, preferably in a courtroom and before a jury. Especially is this true when there is before the court the deposition of only *one* potential witness, the minor plaintiff.

Finally, it is the opinion of this court that, at this time, the court should not, on the bare facts before it, determine where the standard of the reasonable man must be applied to testimony susceptible of conflicting impressions. Nor can this court find justification at this point in attempting to catalogue the proximate cause of the collision between minor plaintiff and the train.

The court, therefore, does not assess the probative value of the evidence now before it, nor of that projected by the issues and explained by counsel as potentially forthcoming. To do so at this time would be an unwarranted extension of the summary judgment device.

Motion denied.

This court does not here include a certificate of probability as contemplated by 28 U.S.C. § 1292(b); a petition for such is not invited, nor is it preempted. And nothing herein contained is intended to preempt or persuade the trial judge.

The Clerk shall enter appropriate order.

And it is so ordered.

---

12. Rogers v. Atlantic Coast Line R. Co., 222 S.C. 66, 71 S.E.2d 585 (1952) and cases collected under Negligence, ☞136 (26) S.E. Digest and Federal Digest.

13. Jumper v. Goodwin, 239 S.C. 508, 123 S.E.2d 857.

14. On deposition she testified that the train was coming fast.