### COLONIAL OIL CO. v. AMERICAN OIL CO.
#### Civil Action No. 384.

District Court, E. D. South Carolina, Orangeburg Division.

Feb. 23, 1943.

Hugh O. Hanna, of Hampton, S. C., Thomas M. Boulware, of Barnwell, S. C., and Claud N. Sapp, of Columbia, S. C., for plaintiff.

Thomas, Cain & Black, of Columbia, S. C., and C. H. Thompson, of Baltimore, Md., for defendant.

WARING, District Judge.

In the above entitled cause a motion has now been made "for an order granting the plaintiff a voluntary dismissal of the above entitled action and directing the Clerk of this court to deliver to each party hereto its original exhibits." While not specifically stated in the notice of motion, in the argument before me it was stressed that of course the motion to dismiss was to be without prejudice as to the merits, and while not definitely stated, it was pointed out by the defendant that it would be subject to the institution of another suit possibly in another forum.

It appears that this cause was instituted by the plaintiff by the service of a summons and complaint, which were filed in this court on October 3, 1940. Thereafter an amended complaint was filed; numerous motions were made; and after several hearings and amending of pleadings the cause came on for a trial at Orangeburg, S. C., before Honorable C. C. Wyche and a jury on November 17 and 18, 1941. The jury returned a verdict for the plaintiff for the sum of $666 actual damages and $5,000 punitive damages. A motion for a directed verdict was made on behalf of defendant. Judge Wyche reserved his decision, submitted the case to the jury and again considered the matter on a motion for a directed verdict non obstante veredicto. The motion was refused. 43 F.Supp. 718.

Thereafter an appeal was taken to the Circuit Court of Appeals for the Fourth Circuit, 130 F.2d 72, and the case having there been heard an opinion was filed on August 12, 1942, holding that it was improper to submit to the jury the question of punitive damages and directing that the case be remanded for a new trial unless the plaintiff filed with the District Court within thirty days after the filing of the opinion a remittitur of the amount of punitive damages. Application was made to the Supreme Court for certiorari, 317 U.S. 679, 63 S.Ct. 159, 87 L.Ed. 545, which was denied. The plaintiff has not filed the remittitur referred to by the Circuit Court of Appeals so that the case now stands on the calendar of the Orangeburg Division for a trial at the next term of court.

As above stated, the plaintiff now moves to obtain a voluntary dismissal without prejudice. The defendant appeared and vigorously opposed the motion taking the position that the case had been long pending; that defendant had been put to a great deal of trouble and expense to defend the suit; that a number of motions and appearances had been made; and that the case had been tried over a period of two days, resulting in a verdict, and on appeal to the Circuit Court of Appeals that court had laid down the law governing the case. The defendant takes the position that under these circumstances it would lose valuable rights in connection with this litigation if the plaintiff were allowed to withdraw the suit without prejudice and thus be free to' institute such new action as it might be advised to commence either in this court on some other theory or in some other forum. No discussion has been had as to any terms or conditions to be imposed other than the payment of costs as provided by order of the Circuit Court of Appeals and the rules of this court. The plaintiff claims that the defendant would not be hurt by this dismissal in that it has had the benefit of the expression of law by the Circuit Court of Appeals, which may be of use to it if other litigation should be instituted. However, such benefit would be collateral only and might not be binding in another suit brought in this court or in another court in the event of a different statement or theory of the claim or cause of action.

Rule 41(a)(2) of the Rules of Civil Procedure, 28 U.S.C.A. following

section 723c, govern this matter. The Rule provides that an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. From a reading of this Rule and of numerous decisions of the Federal Courts it is clear that the intent of the Rule is to leave the matter of dismissal to the sound discretion of the trial court. It is incumbent on the court to consider the rights of the parties and how they will be affected and what benefits or injuries may result to the respective sides in the controversy if the dismissal be granted.

It should be remembered that this case was not removed from a State Court and the plaintiff voluntarily and of its own accord chose the forum and instituted the suit in this court. It seems to me that the case is very similar to that reported in Cincinnati Traction Building Co. v. Pullman Standard Car Mfg. Co., in the District Court for Delaware, 25 F.Supp. 322, wherein the court says: "Plaintiff has chosen the forum and has required defendant to answer and prepare its defense at great expense. In such case defendant is entitled to have the controversy finally adjudicated so that it may definitely know its rights. Under the new Federal Rules of Civil Procedure the court is given the discretion to dismiss or not to dismiss the action. In the exercise of this discretion the court will deny the motion to dismiss this action without prejudice."

See also Roth v. Great Atlantic & Pacific Tea Co., U.S. District Court, Southern District of Ohio, January 14, 1942, 2 F.R.D. 182; Hamilton Watch Co. v. Hamilton Chain Co. Inc., U. S. District Court Rhode Island, January 15, 1942, 43 F.Supp. 85; Wall v. Connecticut Mutual Life Insurance Co., District Court Southern District of Georgia, December 23, 1941, 2 F.R.D. 244; Henjes v. Aetna Insurance Co. et al., District Court Eastern District of New York, June 13, 1941, 39 F.Supp. 418.

After due consideration of this matter, I have reached the conclusion that the defendant has acquired important rights as a result of the progress of the litigation and that it should not be deprived of these by an order of dismissal without prejudice. Accordingly, it is ordered that the motion to grant the plaintiff a voluntary dismissal be and the same is hereby refused.