Bessie BURGESS, Plaintiff,

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Defendant.**

No. CA/8325.

United States District Court
D. South Carolina,
Florence Division.

Feb. 28, 1966.

Moses M. Falk, New York City, for plaintiff.

Willcox, Hardee, Houck & Palmer, Florence, S. C., for defendant.

WYCHE, District Judge.

The above case is before me upon (1) motion of the defendant "for summary judgment in this case upon the ground that the plaintiff herein executed and delivered a release of one Lewis Wilson for the injuries and damages set forth in the complaint, and that said release was, and is, a bar to the maintenance of this action against the defendant", and upon (2) motion of the plaintiff "for a dismissal without prejudice".

I shall first consider defendant's motion for summary judgment.

In support of its motion for summary judgment, the defendant has submitted affidavits of attorney for the defendant, the adjuster who obtained a release, releasing Lewis Wilson "and all other persons, firms, and corporations, both known and unknown, of and from any and all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature, for or because or any matter or thing done, omitted or suffered to be done by anyone prior to and including the date hereof on account of all injuries both to person or property resulting, or to result, from an accident which occurred on or about the 12th day of May, 1962, at Kingstree, S. C."; the doctor at the hospital in Kingstree, South Carolina, who treated and attended Bessie Burgess, and the Superintendent of the hospital in Kingstree, South Carolina, all to the effect that Bessie Burgess signed a release on the date she was released from the hospital in Kingstree, which date the affidavits show to be May 18, 1962. The averments in the affidavit of the adjuster are made "to the best of my memory".

The plaintiff has filed the affidavit of Bessie Burgess in which she says that "While I was in the hospital in Kingstree, and on the 18th day of May, 1962, which is six days after the accident, I am supposed to have signed a release which was made out to the driver of the automobile in which I was a passenger. I have no knowledge of ever having signed such a release. With the multiple fractures of the right shoulder, ribs, and injury to my right arm, it seems incredible that I could even hold a pen in my hand. In addition I was medicated continuously and completely irrational by virtue of my brain injury. In addition to the foregoing, I have no recollection whatsoever of having received a single dime from any company or defendant. To claim that I knowingly signed a release is not only false, but rediculous."

The plaintiff has also submitted affidavits of the attorney for the plaintiff, a doctor in New York, who examined the plaintiff on January 6, 1966, and Elizabeth M. Boyd, daughter of the plaintiff Bessie Burgess, whose name appears as a witness to the release of Lewis Wilson. Elizabeth Boyd says in her affidavit, "From the time of the accident which was on May 12, 1962 until this Mr. Poe (the adjuster) saw her at the bedside of her mother, her mother Mrs. Burgess was at varying intervals unconscious and semiconscious. On a few occasions, and for short periods, she was conscious, but always under heavy medication because of the severe pain. When Mr. Poe was there, he told me that he represented my uncle, who was my mother's brother-in-law, and the said Mr. Wilson's insurance company, that he was sure we did not want my uncle to get into any trouble and to release him from any fault in connection with the accident. Since the fault was really the railroad company's, and since it was a close relative whom we were releasing, I agreed. This was never explained to my mother since she was in no condition to understand this. I remember Mr. Poe telling my mother to sign a paper, and I don't remember if somebody (held) her hand while she signed, but she was very sick and groggy from the medication and pain. My mother never saw any of this money and never received it. The amount of $530.00 was given mostly to the hospital and I did receive over $100.00 from it to help in the railroad expenses to take my mother home to a hospital in New York. My mother was taken from the Benevolent Societies Hospital by stretcher into an ambulance and by ambulance to the train into which she was taken also by stretcher. She was removed at New York by stretcher and ambulance as well. At no time did my mother have any idea as to what was happening or that she, in fact, was signing a release. I knew that this was supposed to be a release but only for my uncle. If I were told different I would not have permitted my mother's name to be scrawled on the bottom of the paper. I can definitely state, however, that my mother never knew that she was, in fact, signing, or supposed to sign, a release for anyone."

Summary Judgment procedure as prescribed in Rule 56, provides in paragraph (e) "Supporting and opposing affidavits shall be made on personal knowledge, * * *."

The moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitled him to judgment as a matter of law. Moore's Federal Practice, Vol. 6, p. 2335, and cases therein cited. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Stevens v. Howard D. Johnson Co., C.A.4, 1950, 181 F.2d 390; Sartor v. Arkansas Natural Gas Corp., (1944) 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967. "A litigant has a right to a trial where there is the slightest doubt as to the facts * * *." Doehler Metal Furniture Co. v. United States, C.A.2, 1945, 149 F.2d 130, 135. In ruling on the motion for summary judgment all inferences of fact from the proofs proffered must be drawn against the movant and in favor of the party opposing the motion. United States v. Diebold, Inc. (1962) 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176. To satisfy the moving party's burden the evidentiary material before the court, if taken as true, must establish the absence of any genuine issue of material fact, and it must appear that there is no real question as to the credibility of the evidentiary material, so that it is to be taken as true. Moore's Federal Practice, Vol. 6, p. 2339, and cases cited.

As was said by the United States Court of Appeals of the Fourth Circuit in the case of Kirkpatrick v. Consolidated

Underwriters, C.A.4, 1955, 227 F.2d 228: "'It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented. We had occasion to deal with the undesirability of disposing of cases on motions for summary judgment where there was real controversy between the parties in the recent case of Stevens v. Howard D. Johnson Co., 4 Cir., 181 F.2d 390, 394, where we said: "It must not be forgotten that, in actions at law, trial by jury of disputed questions of fact is guaranteed by the Constitution, and that even questions of law arising in a case involving questions of fact can be more satisfactorily decided when the facts are fully before the court than is possible upon pleadings and affidavits. The motion for summary judgment, authorized by rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., which in effect legalizes the 'speaking' demurrer, has an important place * * * in preventing undue delays in the trial of actions to which there is no real defense; but it should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. See Westinghouse Electric Corp. v. Bulldog Electric Products Co., 4 Cir., 179 F.2d 139, 146; Wexler v. Maryland State Fair, 4 Cir., 164 F.2d 477. And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom. Paul E. Hawkinson Co. v. Dennis, 5 Cir., 166 F.2d 61; Detsch & Co. v. American Products Co., 9 Cir., 152 F.2d 473; Furton v. City of Menasha, 7 Cir., 149 F.2d 945;

Shea v. Second Nat. Bank, 76 U.S.App. D.C. 406, 133 F.2d 17, 22. As was said by Mr. Justice Jackson, speaking for the Supreme Court in Sartor v. Arkansas Natural Gas Co., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967: "Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." '"

I cannot say in this case that it is quite clear what the truth is, and that there is no genuine factual dispute as to the release set up by defendant as a bar to plaintiff's action, and that no genuine issue remains for trial, and I must, therefore, deny defendant's motion for summary judgment, and

It is so ordered.

I shall next consider plaintiff's motion for voluntary dismissal, without prejudice.

The original complaint in this action dated May 29, 1963, was filed in the Supreme Court of the State of New York, County of Queens. The case was thereafter removed by the defendant to the United States District Court for the Eastern District of New York, and motion to remand denied July 26, 1963. In March, 1964, defendant moved in the United States District Court for the Eastern District of New York, for an order transferring this action to the United States District Court for the Eastern District of South Carolina, Florence Division, which motion was granted by order dated April 8, 1964.

Plaintiff's attorney states in his affidavit attached to the motion to dismiss that he "In order to preserve plaintiff's claim, * * * recently (June 30, 1965) and properly instituted a cause of action before the Court of the State of New York, * * *."

After an answer or a motion for summary judgment has been served, if there is no stipulation for dismissal, a plaintiff who wishes to dismiss must secure an order of the court. Federal Rules of Civil Procedure, Rule 41, 28 U.S.C.A. The matter is within the sound discretion of the court, whose order is reviewable only for abuse of discretion. Rollison v. Washington Nat. Ins. Co., C.A.4, 1949, 176 F.2d 364; Westinghouse Elec. Corp. v. United Elec. Radio and Mach. Workers of America, C.A.3, 1952, 194 F.2d 770, cert. den. 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1362.

In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Cone v. West Virginia Pulp & Paper Co., 1947, 330 U.S. 212, 217, 67 S.Ct. 752, 755, 91 L.Ed. 849. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. New York, C. & St. L. R. Co. v. Vardaman, C.A.8, 1950, 181 F.2d 769.

In exercising its discretion as to motions for dismissal, the court will consider the expense and inconvenience to the defendant, other prejudicial consequences, and whether reasonable terms and conditions can make the defendant reasonably whole. Colonial Oil Co. v. American Oil Co., D.C.S.C., 1943, 3 F.R. D. 29; Southern Md. Agr. Ass'n of Prince George's County v. United States, D.C.Md.1954, 16 F.R.D. 100; Grivas v. Parmelee Transp. Co., C.A.7, 1953, 207 F.2d 334.

On a motion to dismiss the judge should weigh the equities and make that decision which seems fairest under all the circumstances. Lawson v. Moore, D.C.W.D.Va., 29 F.Supp. 175.

After weighing the equities it seems fairest, under all the circumstances, to grant the motion to dismiss, without prejudice, but the plaintiff must pay the costs in this action, and

It is so ordered.